142 So. 540

**Ex parte CHAPMAN.**

**7 Div. 130.**

Supreme Court of Alabama.

June 9, 1932.

William J. Slaughter, of Birmingham, for appellant.

Merrill, Jones, Whiteside & Allen, of Anniston, for appellee.

KNIGHT, J.

Petition for writ of mandamus to be issued from this court, directed to Hon. R. B. Carr, as judge of the circuit court of Calhoun county, requiring him to vacate and annul an order made by him as such judge, directing the removal "of the estate of Alice E. Chapman, minor, from the Probate Court of Calhoun County to the Circuit Court of Calhoun County, Alabama, in Equity."

It is made to appear from the petition filed in this cause that on the 26th day of April, 1912, the petitioner's mother, Lizzie Morgan, was duly appointed guardian of the estate of petitioner, and duly qualified as such guardian, upon the execution of proper bond with E. S. Formby, O. L. Stewart, and S. D. Savage as her sureties. The bond was payable in the penal sum of $2,000. Since the execution of the bond, the said S. D. Savage has died.

On the 15th day of September, 1931, no final settlement of the guardianship having been made, the said ward filed her petition in the probate court of Calhoun county to require the guardian to file her account as guardian. Thereafter, on January 9, 1932, the guardian filed her report in said court showing she had as petitioner's guardian, received the sum of $5,400, and had in no wise accounted for said money received "or expended for or on behalf of petitioner." It is further averred that this report of the guardian was filed in response to the petition of the ward demanding an accounting of said guardian in the probate court.

It is further made to appear, from the petition before us, that, upon the filing of the report of the guardian, the probate court of Calhoun county assumed jurisdiction of the settlement of the account of the guardian and set the cause down for hearing upon final settlement on March 7, 1932, and that the ward, petitioner here, "presented herself before the Probate Judge of Calhoun County, and demanded a judgment be entered against the guardian and her two surviving sureties." It further appears that, on March 5, 1932, the sureties Stewart and Formby presented to Judge R. B. Carr, judge of the circuit court of Calhoun county, a petition, setting up that they were sureties on the said guardianship bond of Lizzie Morgan, as guardian of said Alice Chapman, and averring that the guardian was insolvent, and that "according to their information and belief there was a fraudulent and collusive agreement between the said guardian and her said ward for the purpose of having a false and fraudulent judgment entered in the probate court against the guardian and sureties on the guardianship bond." Said petition of the sureties prayed that said cause be removed from the probate court of Calhoun county to the circuit court of same county, in equity, for final disposition of the cause.

Upon the presentation of the petition by the sureties to the Hon. R. B. Carr, as judge of the circuit court of Calhoun county, he, as such judge, ordered the removal of the estate of Alice Chapman, minor, from the probate court to the circuit court, in equity. The petitioner here, the said Alice Chapman, filed motion with Hon. R. B. Carr, as such circuit judge, to vacate and annul his order, directing the removal of said proceedings from the probate court to the circuit court in equity. And on April 6, 1932, the said circuit judge overruled and disallowed the motion, and retained jurisdiction of said cause.

Upon the presentation of her petition to this court for mandamus, this court ordered a rule nisi to issue. To the rule, Hon. R. B. Carr has filed his answer, and, along with it, demurrers to the petition. The essential averments of the petition are admitted in the answer of Judge Carr, but he takes the position that the order made by him, transferring the cause to the circuit court, in equity, was a valid and lawful order, and that the circuit court of Calhoun county, in equity, thereby became vested with full authority and jurisdiction over the said cause, and that his future orders in said cause, subject to revision by the Supreme Court of Alabama, will be binding upon all the parties in said cause. And by his answer he challenges the propriety of the proceedings by mandamus as the proper remedy for petitioner in the premises.

The court of probate, from which the appointment of a guardian of a person of unsound mind, or of a minor, is derived, is given by statute jurisdiction of the settlement, partial or final, of the accounts of the guardian. Code, § 8201.

Section 8212 of the Code, inter alia, provides: "And all final decrees rendered against a guardian, or against the personal representative of the guardian, on a final settlement, have the force and effect of a judgment at law, on which execution may issue against the guardian, or his personal representative, and against the sureties of the guardian" etc.

 It thus appears that the courts of probate, in this state, are clothed by statute with full jurisdiction over the settlement, partial or final, of the accounts of guardians of their appointments. The jurisdiction of such courts, in matters of the appointment of guardians, and of the settlement of the accounts of guardians, is concurrent with the

jurisdiction of courts of equity. As is said in Hailey v. Boyd's Adm'r, 64 Ala. 399: "The jurisdiction of the Court of Probate, and of the Court of Chancery, is concurrent in matters of guardianship; and the *ward has an unqualified right of electing the forum in which he will make a settlement, the jurisdiction of the one not having attached.* [Italics supplied.] The decree against the guardian is conclusive on the sureties, because they are privies in contract. For the faithful performance of all the duties required of the guardian by law, they are bound by the terms of the bond; and a full settlement of his guardianship in the Court of Probate, or the Court of Chancery, *as the ward may elect the one or the other forum,* is a duty enjoined upon him by the law. The decree rendered against him is in the nature of a judicial admission made by him; it is an act done in the performance of his trust and duty; and, for this reason, is binding and conclusive on the sureties; and not upon the theory, that they are parties to the record, *directly or indirectly.*—Townsend v. Everett, 4 Ala. 607; Williamson v. Howell, 4 Ala. 693; Chilton v. Parks, 15 Ala. 671; Perkins v. Moore, 16 Ala. 9; Freeman on *Judgments,* § 180; Brandt on Suretyship, § 480. Whether the settlement is made and the decree rendered in the Court of Probate, or in the Court of Chancery, there is no *doubt, if good reason was* shown, either court would permit the surety to intervene pro interesse suo, and protect himself from the faithlessness, or want of diligence of his principal in making defense.— Baines v. Barnes, 64 Ala. 375."

And in the case of Bean v. Harrison, 213 Ala. 33, 104 So. 244, 246, this court, in a case which involved the right of a surety on a guardian's bond to proceed under the "four months' statute to seek relief from a judgment against the guardian," held that the surety was a party in interest at the settlement of the guardian, and, by virtue of his undertaking, was entitled, in a proper case, to make application for rehearing, under the four months' statute, of a judgment rendered in the probate court against the guardian. In the Bean Case, supra, Mr. Justice Bouldin used this language in disposing of the right of the surety to proceed under the four months' statute: "The surety is, therefore, a party in interest at the settlement. The four-months' statute is intended to confer a speedy, inexpensive remedy at law in case of a surprise, accident, mistake, or fraud, similar and cumulative to the remedy in equity on like grounds. To give effect to this intent, the relief at law should inure to the same parties as the relief in equity. We conclude that, in a proper case, the surety bound by the decree on final settlement of a guardianship may make application for rehearing under the four-months' statute. Ingram v. Alabama Power Co., 201 Ala. 13, 75 So. 304; Evans v. Wilhite, 167 Ala. 587, 52 So. 485."

In the case of Lee v. Lee, 55 Ala. 590, this court, in a case involving a guardianship, after holding that the jurisdictions of the chancery and probate courts were concurrent, said: "And the rule obtains, prevailing whenever the jurisdiction at law and in equity is concurrent, that if the Court of Probate first acquires, it retains jurisdiction, unless an intervening equity requires the interposition of a court of equity to do complete justice, or to quiet the litigation."

As was pointed out in the Bean Case, supra, section 9600 of the Code expressly extends the provision of the Code in reference to evidence, pleadings, and practice, judgments and decrees, in courts of law and equity, so far as the same can be made appropriate, and the mode of obtaining evidence by oral examination or by deposition, and of compelling the attendance of witnesses, and of enforcing orders, decrees, and judgments, in the absence of express provisions to the contrary, to proceedings in the court of probate.

It is manifest that section 8102 of the Code does not authorize the transfer or removal of a guardianship proceedings from the probate court to the circuit court, in equity, on the petition of the sureties. While this is a remedial statute, yet the provisions thereof cannot be extended beyond their plainest terms. By the terms of this statute, the guardian, or the guardian ad litem or next friend, of the minor may have the administration or conduct of a guardianship removed from the probate court to the circuit court in equity, upon filing a sworn petition reciting that the petitioner is the guardian, or guardian ad litem, or next friend of such minor, and that, in the opinion of the petitioner, such guardianship or estate can be better administered in the circuit court in equity, or court of like jurisdiction, than in the probate court. It is thus made clear and certain that the sureties are not authorized, under the above referred to section of the Code, to have the administration or control of the guardianship removed from the probate court to the circuit court on their petition, without averring a special equity, after the jurisdiction of the probate court for final settlement has attached.

It is also clear that the sureties cannot, on their petition, have the guardianship removed from the probate court without averring some special equity, since the jurisdiction to make final settlement has attached. This they have not done in the instant case. The petition of the sureties makes no hint or suggestion of any defense to the proceedings which they will not be able to assert or invoke in the probate court. It seems clear to us that, if they have any defense, for aught ap-

pearing to the contrary in their petition, it will be fully available to them in the probate court.

It is our conclusion that the circuit judge in the then condition of the case was without warrant of law in making the order transferring the guardianship from the probate court to the circuit court in equity, and that his said order was improvident and void.

Inasmuch as the petitioner, Alice Chapman, could not appeal from the said order of the circuit judge, her only proper remedy was and is by mandamus. She has pursued that course.

It follows that a peremptory writ of mandamus will be awarded by this court, requiring Hon. R. B. Carr, as judge of the circuit court of Calhoun county, to vacate and annul his order directing the removal of the said guardianship from the probate court to the circuit court in equity, and requiring him to transfer and return to said probate court all the papers and proceedings in said cause.

Writ of mandamus awarded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.