26 So.2d 571

### SMITH v. SMITH et al.

### 7 Div. 862.

Supreme Court of Alabama.

June 13, 1946.

Dortch, Allen & Swann, of Gadsden, for appellant.

L. B. Rainey, of Gadsden, for appellees.

SIMPSON, Justice.

The proceedings here complain of an order of the circuit court in equity removing the administration of the guardianship of appellant guardian from the probate to the equity court.

The ward is dead and it only remains for the guardian to undertake his statutory duty of making a final settlement of his guardianship.

The appellees, on whose application the order of removal was made, are the next of kin of the deceased ward and the right of the several persons designated in the statute to remove a guardianship administration to the circuit court in equity, without assigning any special equity, is not accorded them. Code 1940, Title 21, § 26.

There being no absolute right of removal then, in the absence of a special equity, or circumstances where the remedy or relief would be inadequate, the probate court has jurisdiction of the final settlement of the guardianship and will retain such jurisdiction to the exclusion of equity. Martin v. Cameron, 203 Ala. 548, 84 So. 270; Ex parte Chapman, 225

Ala. 168, 142 So. 540; Lee v. Lee, 55 Ala. 590.

■ The intervening or special equity claimed here, to invoke the powers of that court to supplant the jurisdiction of the probate court, is the following alleged misconduct of the guardian: He has misappropriated the trust funds and made unreasonable investments thereof, has failed to keep proper records of expenditures or to make due accounting of same, has expended monies of the ward without taking proper receipts or without obtaining the court's authorization and has invested funds of the ward in the purchase of land without court order and without receiving an abstract of title or a legal opinion verifying the title to such property.

We do not think the averred circumstances assert a sufficient equity to oust the jurisdiction of the probate court and are of the opinion the order of removal was laid in error. No defalcation or breach of trust is alleged which cannot be efficaciously adjusted in the probate court, nor is any complicated accounting, settlement of a trust, construction of instruments or adjustment of property rights or titles shown to be involved, as is mentioned in our cases as intervening equities for the interposition of equity, to deny the statutory jurisdiction of probate.

The guardian is also the administrator of the estate of his deceased ward and, earlier in our jurisprudence, when the two trusts had been thus united in the same fiduciary, the probate court was without jurisdiction to call the guardian to account in a final settlement of the guardianship, the remedy being by bill in equity to adjust both accounts. Carswell v. Spencer, 44 Ala. 204; Hays v. Cockrell, 41 Ala. 75; Hutton v. Williams, 60 Ala. 107; 39 C.J.S., Guardian and Ward, § 196, p. 346.

The basic reason as noted in Corpus Juris Secundum was that any decree rendered in such a case must necessarily be rendered in favor of the guardian in his character of administrator, and, as no judgment or decree could be rendered for and against the same party, such a judgment or decree, if rendered, would have been a nullity. 39 C.J.S., Guardian and Ward, § 196, page 346.

At the time of the enunciation of this principle, our statute for the appointment of an administrator ad litem in case of the administrator's adversity of interest made no provision for the rendition of a judgment or decree in favor of the administrator ad litem for the use of the estate (Acts of Alabama 1863, No. 65, page 65) and as indicated in Hays v. Cockrell, 41 Ala. 80, 81, his duties were "analogous to that of a guardian ad litem, in similar cases; and from his position and interest in regard to the litigation, no valid decree could be rendered in his favor." Of consequence, the two trusts had to be settled and determined in a court of equity.

The law was later amended, however, obviating the defect and the rule of our earlier decisions no longer prevails. Now, "when, in such proceedings, the estate represented by the administrator ad litem is entitled to a decree for the recovery of money, or for the possession of real or personal property, such decree shall be rendered in favor of the administrator ad litem for the use of the estate." Code 1940, Title 61, § 166.

■ The probate court, therefore, now has jurisdiction of such settlements and as indicated in our later decisions, the purpose of the present statute for the appointment of an administrator ad litem where the administrator is adversely interested is to confer jurisdiction on the probate court to make settlements in such cases and to relieve against the necessity of a resort to a court of equity. Faulk v. Money, 236 Ala. 69, 181 So. 256; Ex parte Baker, 118 Ala. 185, 23 So. 996.

Some modern texts have declared on the principle of our earlier cases as being the prevailing rule in this jurisdiction, and we have thought this discussion appropriate for clarification.

■■ The case comes here by appeal with alternate petition for writ of mandamus to be directed to the circuit judge to vacate and annul the order of removal.

The order is not appealable so the appeal will be dismissed. Mandamus, however, is the proper remedy (Ex parte Chapman, supra) and the writ is awarded.

Appeal dismissed and writ awarded.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.