ALMON, Justice.
The parties attempt to raise several issues; however, only one is properly presented and it is dispositive of this appeal. That issue is whether the guardianship of Ella Bailey was properly removed from the probate court to the circuit court in accordance with Code 1975, § 26 — 2—2.
We hold that it was not properly removed and that the circuit court did not acquire jurisdiction of the guardianship. Consequently, the judgment of the circuit court is void and this appeal is due to be dismissed.
In May of 1980, the appellee was notified that her sister, Ella Barley, who lived in Detroit, was missing. Ella was found by Detroit Police and hospitalized. Appellee’s son, the appellant, was sent to Detroit to bring Mrs. Barley to Alabama. Mrs. Barley was brought to Alabama and admitted to a nursing home in Limestone County.
On June 3,1980, appellant filed a petition in the Probate Court of Limestone County to have Mrs. Barley declared to be of unsound mind. The appellee then filed a petition stating that Mrs. Barley was not incompetent; was not a resident of Alabama; and that in the event Mrs. Barley was declared to be of unsound mind, the appellee should be appointed guardian. The probate court held an inquisition on June 19, 1980, and the jury found Mrs. Barley to be of unsound mind. The probate court then issued an order appointing a local attorney as guardian for Mrs. Barley.
The appellee then filed a petition in the circuit court for removal of the cause from probate court to the circuit court. The *736 motion was made pursuant to Code 1975, § 26-2-2 and § 12-11-30(4). The circuit court granted the petition and removed the cause. The appellant filed a response to the removal wherein he claimed the proper procedure to bring this matter before the circuit court would be by an appeal and not by removal under the code section in question. The appellee filed a motion to dismiss stating that the court lacked jurisdiction because Mrs. Barley was a resident of Michigan, contending Code 1975, § 26-2-47, required that before a guardian could be appointed the non-resident had to have been declared to be of unsound mind by a court in the state of her residence and because this was not done, a guardian could not be appointed pursuant to § 26-2-47. The motion to dismiss was granted by the circuit court, which also held for naught all prior orders of the probate court.
The appellant appeals from this order of the circuit court, contending the petition for removal was defective and did not give the circuit court jurisdiction.
Code 1975, § 26-2-2, provides:
“The administration or conduct of any guardianship of a minor or person of unsound mind may be removed from the probate court to the circuit court, at any time before the final settlement thereof by the guardian of any such guardianship or guardian ad litem or next friend of such ward or anyone entitled to support out of the estate of such ward without assigning any special equity, and an order of removal must be made by the court or judge upon the filing of a sworn petition by any such guardian or guardian ad litem or next friend for the ward or such person entitled to support out of the estate of such ward, reciting in what capacity the petitioner acts and that in the opinion of the petitioner such guardianship can be better administered in the circuit court than in the probate court.” (emphasis added)
Appellee’s attorney on appeal did not represent the appellee when the petition for removal was filed and had no part in preparing the petition.
The petition does not meet the requirements of the above section of the code. It was unsworn and did not recite in what capacity the appellee was acting. This Court in Smith v. Smith, 248 Ala. 49, 26 So.2d 571 (1946), stated:
“The appellees, on whose application the order of removal was made, are the next of kin of the deceased ward and the right of the several persons designated in the statute to remove a guardianship administration to the circuit court in equity, without assigning any special equity, is not accorded them. Code 1940, Title 21, § 26.
“There being no absolute right of removal then, in the absence of a special equity or circumstances where the remedy or relief would be inadequate, the probate court has jurisdiction of the final settlement of the guardianship and will retain such jurisdiction to the exclusion of equity. Martin v. Cameron, 203 Ala. 548, 84 So. 270; Ex parte Chapman, 225 Ala. 168, 142 So. 540; Lee v. Lee, 55 Ala. 590.”
The appeal is due to be dismissed because the circuit court did not have jurisdiction to enter the order from which the appeal was taken.
APPEAL DISMISSED.
TORBERT, C. J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.