STUART, Justice.
Eliot Hoff (“Hoff’) appeals the order of the Jefferson Circuit Court (“the circuit court”) remanding the administration of the conservatorship of his grandmother, Susan Bibb Kidd, to the Jefferson Probate Court (“the probate court”). We affirm.
I.
On August 30, 2006, the probate court adjudged Kidd to be an incapacitated person and appointed Mark Goolsby as conservator of her estate.[1] The estate of Susan Bibb Kidd, a protected person, was thereby assigned probate-court case no. 192761. Sometime in August 2008, Gools-by sold some personal property in Kidd’s estate to Anita Kidd Goyer, one of Kidd’s three daughters. When another of Kidd’s daughters, Susan Louis Hoff, and her son Hoff (hereinafter referred to collectively as “the Hoffs”) found out about the sale, they filed an objection in the probate court. Meanwhile, on September 29, 2009, Kidd died.
On February 21, 2011, the probate court issued an order that, among other things, approved the August 2008 sale of Kidd’s personal property to Goyer. The Hoffs promptly moved the probate court to reconsider. An initial hearing on their motion was held on June 8, 2011; however, the matter was subsequently continued and another hearing scheduled for September 15, 2011.
On June 24, 2011, Goolsby petitioned the probate court to be appointed administrator of Kidd’s estate because he could not conduct business as conservator after her death. The Hoffs thereafter also filed a motion to continue the hearing scheduled for September 15, 2011. On August 22, 2011, the probate court ruled on those motions, setting the hearing on the Hoffs’ motion to reconsider for October 27, 2011, and denying Goolsby’s motion to be appointed administrator of Kidd’s estate. Instead, the probate court, on its own motion, appointed attorney Elizabeth W. McElroy, the general administrator for Jefferson County, as administrator of Kidd’s estate. The estate of Susan Bibb Kidd, deceased, was thereby opened and assigned case no. 212938 in the probate court.
On October 20, 2011 — one week before the probate court was scheduled to conduct a hearing on the Hoffs’ motion to *1087 reconsider its February 21 ruling approving Goolsby’s sale to Goyer of certain personal property belonging to Kidd — the Hoffs petitioned the circuit court to remove case no. 192761, the conservatorship proceeding, from the probate court.[2] That petition stated in pertinent part:
“Comes now, Eliot Hoff and Susan Hoff, pursuant to Ala.Code [1975,] § 12-11-41, and petition[] the Court for an Order removing the administration of the Estate of Susan Bibb Kidd, a protected person, now deceased, from the Probate Court of Jefferson County, Alabama to the Circuit Court of Jefferson County, Alabama, with the attached will.
[[Image here]]
“As grounds for said petition, Eliot Hoff and Susan Hoff, state the following:
“(1) In case no. 192761, in the matter of the Estate of Susan Bibb Kidd, a protected person, now deceased:
“(a) No final settlement of the estate has been made and no steps have been taken for a settlement in the probate court.
“(b) In the opinion of your petitioners the estate can be better administrated in circuit court than in probate court.
“(c)' This case is removable from the Probate Court of Jefferson County, Alabama pursuant to ... § 12-11-41[, Ala.Code 1975,] upon this petition because ... Eliot Hoff and Susan Hoff, are the respective daughter and grandson, heirs and legatees of said Susan Bibb Kidd, and as such have an interest in the administration of said estate.
[[Image here]]
“For the foregoing reasons, petitioners pray that case no. 192761, in the Probate Court of Jefferson County, Alabama be removed to this court pursuant to ... § 12-11-41.”
On October 25, 2011, the circuit court entered an order removing the conservator-ship proceeding from the probate court.
The judge initially assigned to preside over this case in the circuit court subsequently recused himself, and the judge thereafter assigned to the case scheduled an initial status conference for February 3, 2012. On February 2, 2012, Goyer moved the circuit court to remand the conserva-torship proceeding to the probate court, arguing that removal of a conservatorship proceeding from a probate court to a circuit court in Jefferson County was governed by § 26-2-3, Ala.Code 1975, not by § 12-11-41, AIa.Code 1975, as the Hoffs had alleged in their petition seeking removal and that the Hoffs had not established that they were entitled to removal under § 26-2-3. At the status conference held the next day, the circuit court set a hearing on Goyer’s motion to remand for February 23, 2012.
On February 16, 2012, the Hoffs filed their response opposing Goyer’s motion and seeking sanctions against her and her attorney pursuant to the Alabama Litigation Accountability Act, § 12-19-270 et seq., Ala.Code 1975 (“the ALAA”), because, the Hoffs alleged, the motion to remand lacked any legal or factual basis. The circuit court considered all pending motions at the hearing held February 23, 2012, and, on March 2, 2012, entered an *1088 order remanding the conservatorship proceeding to the probate court and denying the Hoffs’ motion for sanctions. On March 20, 2012, Hoff filed his notice of appeal.[3]
II.
Hoff argues that the circuit court erred both in remanding the conservator-ship proceeding to the probate court and in denying his motion for sanctions. Hoffs argument that the circuit court erred in remanding the conservatorship proceeding presents, essentially, a question of statutory interpretation; no relevant facts are in dispute, and we must determine which of the cited statutes— § 12-11-41 or § 26-2-3—governs the removal of this conservatorship proceeding from the probate court to the circuit court. Accordingly, we review the circuit court’s decision pursuant to the de novo standard of review. See Pitts v. Gangi, 896 So.2d 433, 434 (Ala.2004) (“We review questions of statutory construction and interpretation de novo, giving no deference to the trial court’s conclusions. Greene v. Thompson, 554 So.2d 376 (Ala.1989).”).
We set forth the standard of review applicable to Hoffs argument that the circuit court erred in denying his motion for sanctions pursuant to the ALAA as follows in Ex parte Loma Alta Property Owners Ass’n, Inc., 52 So.3d 518, 523-24 (Ala.2010):
“If a court denies a claim for attorney fees under the ALAA after holding a hearing on that claim, and the party seeking attorney fees appeals that denial arguing that the subject action, claim, defense, or appeal was frivolous, groundless in fact, vexatious, or interposed for an improper purpose, the appellate standard of review is equivalent to the ore tenus standard of review.... If a court denies a claim for attorney fees under the ALAA after holding a hearing on that claim, and the party seeking attorney fees appeals that denial arguing that the subject action, claim, defense, or appeal was groundless in law, the appellate standard of review is de novo....”
(Emphasis added; footnote omitted.)
III.
We first consider Hoffs argument that the circuit court erred in remanding this conservatorship proceeding to the probate court. Citing Rules 12 and 59, Ala. R. Civ. P., Hoff first makes the procedural argument that Goyer’s motion to remand was untimely. However, Goyer’s motion to remand was not made pursuant to Rule 12 or Rule 59, and the time limits set forth in those rules do not apply to a motion to remand such as Goyer’s. Moreover, we note that in her motion to remand Goyer argued that the Hoffs lacked standing to seek the removal of the conservatorship proceeding in the first place, and this Court has stated that issues of standing may not be waived and may be raised at any time in a proceeding. State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1028 (Ala.1999). Hoffs argument that Goyer’s motion to remand was untimely is without merit.
We therefore turn to the gravamen of Hoffs argument on appeal—that it is undisputed both that Kidd was deceased at the time Hoff and his mother filed their petition to remove the conservatorship proceeding to the circuit court and that an administrator had been appointed over Kidd’s estate; accordingly, he argues, *1089 § 12 — 11-41 was the only mechanism by which to remove the conservatorship proceeding to the circuit court because § 12-11-41 contemplates the removal of a deceased person’s estate, while § 26-2-3 contemplates the removal of a living person’s estate. On a literal level, Hoffs argument is partially correct— § 12-11^41 does concern the removal of the administration of an estate opened by a probate court after a person dies, and § 26-2-3 does concern the removal of the administration of an estate opened for a living, though incapacitated, person. However, because these statutes contemplate different kinds of estates — a decedent’s estate as opposed to a conservatorship or guardianship — Hoffs argument ultimately fails.
The Hoffs’ petition for removal explicitly stated that it was being made pursuant to § 12-11-41, which provides as follows:
“The administration of any estate may be removed from the probate court to the circuit court at any time before a final settlement thereof, by any heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed of any such estate, without assigning any special equity; and an order of removal must be made by the court, upon the filing of a sworn petition by any such heir, devisee, legatee, dis-tributee, executor, administrator or administrator with the will annexed of any such estate, reciting that the petitioner is such heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed and that, in the opinion of the petitioner, such estate can be better administered in the circuit court than in the probate court.”
Hoff and his mother further attempted to fulfill the terms of the statute by attaching Kidd’s will to their petition, declaring themselves to be Kidd’s heirs and legatees, and stating their opinion that Kidd’s estate could better be administered in the circuit court than in the probate court. This petition would accordingly have been sufficient to require the removal to the circuit court of proceedings related to the administration of a decedent’s estate, that is, the case opened by a probate court after an individual dies. The probate court had, in fact, opened such an estate on August 22, 2011, when it appointed McElroy as administrator of Kidd’s estate and assigned the administration of her estate case no. 212938. However, Hoff and his mother did not petition for the removal of case no. 212938 to the circuit court; rather, they filed their petition in case no. 192761 and explicitly stated therein that they sought the removal of case no. 192761 — the case opened when Kidd was initially found to be an incapacitated person and a conservator was appointed for her estate.[4]
Because case no. 192761 involves a conservatorship in Jefferson County, a “county where the judge of probate is required to be learned in the law,” its removal is governed by § 26-2-3, which provides, in pertinent part:
“(a) In any county where the judge of probate is required to be learned in the law, the administration or conduct of any guardianship or conservatorship of a minor or incapacitated person may be removed from the probate court to the *1090 circuit court pursuant to Section 26-2-2 at any time before a proceeding for final settlement thereof is commenced in probate court by the guardian or conservator of the guardianship or conservator-ship or guardian ad litem or next friend of a ward or anyone entitled to support out of the estate of the ward without assigning any special equity. The circuit court shall remand the administration of a guardianship or conservator-ship transferred pursuant to this section to the probate court if the circuit court finds that the removal was sought for the purpose of improper delay or did not comply with applicable law.”[5]
Despite the clear terms of § 26-2-3 indicating that it applies to “the administration or conduct of any guardianship or conser-vatorship,” Hoff nevertheless argues that § 12-11-41 applies in this case because Kidd was deceased when he and his mother filed the petition for removal of the conservatorship proceeding. Although Hoff refutes this characterization of his argument, it appears to be his position that the proceeding governing the administration of the conservatorship (case no. 192761) automatically expanded to include the administration of Kidd’s post-death estate either upon her death or upon the appointment of McElroy as administrator of her post-death estate. The circuit court responded to this argument in its order remanding the case to the probate court as follows:
“Eliot Hoff and Susan Louis Hoff assert that because the protected person, Susan Bibb Kidd, is now deceased, Title 26 of the Alabama Code [1975], including Alabama Code [1975,] § 26-2-3, does not apply to this matter, and instead the only applicable statute is Alabama Code [1975,] § 12-11-41, which pertains to decedents’ estate. Although it is undisputed that Susan Bibb Kidd died on or about September 29, 2009, this proceeding relates to her conservatorship estate — the Estate of Susan Bibb Kidd, a protected person, which was administered in the Probate Court of Jefferson County as case number 192761 and not to a decedent’s estate administration. The court notes that there is a separate decedent’s estate administration which is being administered concurrently with the conservatorship estate: on August 22, 2011, the Probate Court of Jefferson County appointed Elizabeth W. McEl-roy, Esq., to serve as administrator with the will annexed of the Estate of Susan Bibb Kidd, deceased. The decedent’s estate administration is a separate proceeding, case number 212938 in the Probate Court of Jefferson County. The Hoffs contend that under Alabama law, a conservatorship or guardianship cannot exist concurrently with a decedent’s estate for the same person. This is simply a misunderstanding of Alabama law. While the authority of a conservator may indeed cease upon the death of the protected person or ward, a conser-vatorship estate remains open until final settlement thereof. See Alabama Code [1975,] § 26-5-7. The administration of the decedent’s estate of the formerly protected person may be commenced separately, and, indeed, Alabama Code [1975,] § 26-5-12, contemplates that the personal representative of a deceased *1091 ward’s decedent’s estate may be involved as a consenting party in the settlement of a deceased ward’s conserva-torship estate. There is no provision in the Alabama Code requiring final settlement of a conservatorship prior to commencement of a decedent’s estate administration.”
We agree with the rationale of the circuit court. The administration of a protected person’s estate is not closed until there is a final settlement as described in § 26-5-1 et seq., Ala.Code 1975; it does not automatically terminate upon the protected person’s death or even when an administrator is appointed for that person’s post-death estate. See, e.g., Smith v. Smith, 248 Ala. 49, 51, 26 So.2d 571, 571 (1946) (“The ward is dead and it only remains for the guardian to undertake his statutory duty of making a final settlement of his guardianship.”). Moreover, § 26-5-12 expressly contemplates the simultaneous existence of a conservator — who would administer a protected person’s estate while the person was living — and an administrator or personal representative — who would administer that same protected person’s post-death estate following the representative’s appointment by the probate court after the protected person’s death.
We further reject Hoffs argument that the administration of a post-death estate must be conducted within the confines of a preexisting case involving a conservator-ship if, in fact, such a conservatorship exists, because, he argues, the administration of an estate is “a single and continuous proceeding” and there cannot be two cases involving the estate of the same person. Hoff cites Allen v. Estate of Juddine, 60 So.3d 852, 855 (Ala.2010), for this proposition. Hoffs reliance upon Allen, however, is misplaced. In Allen, this Court reversed a circuit court’s judgment holding that it could preside over certain aspects of the administration of a post-death estate while a probate court was presiding over other matters related to the same post-death estate, including the probate of the decedent’s will, stating:
“In its March 11, 2010, order, the circuit court stated that its administration of the estate and the probate of the will were ‘two totally different matters,’ noting the exclusive authority of the probate court to initiate the administration of an estate, citing Ex parte Smith, 619 So.2d 1374, 1376 (Ala.1993) (‘The circuit court cannot initiate the administration of an estate, because the initiation of administration is a matter exclusively in the jurisdiction of the probate court.’). However, this Court has explained:
“ ‘[T]he administration and settlement of a decedent’s estate in equity is a single and continuous proceeding; and when the administration of an estate is once removed from the probate court into a court of equity, its jurisdiction becomes exclusive and efficient, and the court must operate to a final settlement governed by its own procedure.’
“Hinson v. Naugher, 207 Ala. 592, 593, 93 So. 560, 561 (1922) (emphasis added). See also Ex parte Farley, 981 So.2d 392, 396 (Ala.2007) (‘ “[T]he administration and settlement of a decedent’s estate is a single and continuous proceeding throughout, and there can be, no splitting up of such administration, any more than any other cause of action ....’” (quoting McKeithen v. Rich, 204 Ala. 588, 589, 86 So. 377, 378 (1920)(emphasis added)))....
“The administration of the estate was initiated by the probate court when it granted [the administrator] letters of administration. See Smith, 619 So.2d at 1376 (‘[T]he mere filing of a petition for the administration of an estate does not in itself begin the administration; rather, the probate court must act upon the *1092 petition and thereby actívate the proceedings, which may thereafter be subject to removal to the circuit court.’). The administration of the estate was properly removed to the circuit court on December 28, 2009. The administration of the estate was a single and continuous proceeding over which the circuit court had exclusive jurisdiction, and the probate of [the decedent’s] will could not be split from the action. See Hinson and Farley, supra. The circuit court, therefore, erred in refusing to probate [the decedent’s] will.”
60 So.3d at 855-56. Hoffs reliance upon Allen and the cases cited therein is misplaced because those cases clearly concern only post-death estates; they do not involve living estates like conservatorships. There is no dispute but that the administration of a post-death estate is a single and continuous proceeding that cannot be split between separate courts; however, the present appeal involves not just a post-death estate, but a post-death estate and a conservatorship. The administration of these two estates involves different proceedings governed by different sections of the Alabama Code, and the probate court organized those proceedings into two separate cases. Accordingly, the remand of the conservatorship proceeding created no conflict with Allen.
Hoff next argues that, even if he should have sought removal under § 26-2-3 instead of § 12-11-41, his petition for removal should nevertheless have been granted because, he argues, his petition met the requirements of that statute as well. We disagree. Section 26-2-3 permits a “guardian or conservator ... or guardian ad litem or next friend ... or anyone entitled to support out of the estate of [the protected person]” to file a petition to remove the conservatorship proceeding for that protected person from the probate court to the circuit court. It is undisputed that Hoff was not Kidd’s guardian, conservator, or guardian ad li-tem; nor is there any allegation that he was entitled to support out of her estate while she was alive.
However, even though Hoff did not allege himself to be Kidd’s next friend in his petition for removal, he argues that his blood relationship to her qualifies him as a next friend with standing to seek removal under §§ 26-2-2 and 26-2-3. Our case-law, however, refutes that argument. See McNairy v. McNairy, 416 So.2d 735, 736 (Ala.1982) (holding that petition for removal filed by a protected person’s sister did not meet the requirements of § 26-2-2 in part because the petition “did not recite in what capacity the [sister] was acting”), and Smith, 248 Ala. at 51, 26 So.2d at 571-72 (holding that the next of kin of a deceased protected person did not have the absolute right to remove the administration of the guardianship proceeding from the probate court to the circuit court because the predecessor statute to § 26-2-2 did not include next of kin in the list of persons granted that absolute right). Hoffs petition for removal did not meet the requirements of §§ 26-2-2 and 26-2-3 and was therefore insufficient to merit the removal sought therein.
Hoffs attempt to remove the conserva-torship proceeding pursuant to § 12-11-41 — which applies to post-death estates— was improper because, § 26-2-3, not § 12 — 11—41, was the governing statute. Accordingly, even though the circuit court initially granted the removal petition, it subsequently remedied its error by remanding the conservatorship proceeding to the probate court because the initial removal “did not comply with applicable law.” § 26-2-3. Our conclusion that the circuit court properly granted Goyer’s motion to remand the conservatorship proceeding to the probate court requires us also to conclude that the circuit court did not err in denying Hoffs motion for sane- *1093 tions against Goyer and her attorney 'based on the filing of the motion for remand; as explained supra, that motion was supported by both the law and the facts. Further discussion of Hoffs ALAA argument is accordingly unnecessary.[6]
IV.
Hoff appealed the order entered by the circuit court remanding the administration of the conservatorship of his grandmother to the probate court, arguing that he had properly petitioned for removal of the case pursuant to § 12-11-41. However, because the removal of the conservatorship proceeding in this case is governed by § 26-2-3, not § 12-11^41, and because Hoff did not have standing to seek removal under § 26-2-8, the circuit court’s order of remand was properly entered and is, accordingly, affirmed.
AFFIRMED.
MALONE, C.J., and PARKER, SHAW, and WISE, JJ., concur.

. Documents in the record indicate that Mary Bibb Miller, one of Kidd’s three daughters, was at some point appointed her guardian and that attorney Robert W. Gwin served for some time as guardian ad litem; however, the dates and details of those appointments are not found in the record. See Comments on § 26-2A-1, Ala.Code 1975 ("[T]his chapter recognizes two fiduciary capacities — i.e., a 'guardian' who is ‘of the person’ and analogous to the role of the parent, and a ‘conservator’ who is ‘of the property' and more closely analogous to the role of a trustee. Historically, in many states, including Alabama, the term ‘guardian’ covered both of these capacities and for that reason has been a source of confusion not only as to the capacity of the fiduciary, but also as to his or her duties and responsibilities. Because this chapter distinguishes between the two capacities, the duties and responsibilities may be separated by two appointments or one person may serve in both capacities (and with both titles) as the circumstances seem to dictate.”).

. The Hoffs had been represented by attorney William F. Prosch, Jr., in connection with their motion asking the probate court to reconsider its February 21, 2011, order; however, they filed their petition for removal and have engaged in all subsequent proceedings including this appeal pro se. Prosch, in fact, filed a response in the circuit court stating that he has never advised the Hoffs in connection with the petition for removal and did not even become aware of it until after it had already been ruled upon.

. This appeal was originally filed in the Court of Civil Appeals; it was transferred to this Court on May 4, 2012.

. A transcript of the February 23, 2012, hearing is not in the record; however, Hoff appears to argue for the first time in his reply brief that there is no evidence indicating that case no. 212938 actually exists. Regardless of whether this issue was raised in the circuit court, however, "we will not consider an issue not raised in an appellant’s initial brief, but raised only in its reply brief.” Brown v. St. Vincent's Hosp., 899 So.2d 227, 234 (Ala.2004).

. Section 26-2-2, Ala.Code 1975, provides that an order of removal will be issued
"upon the filing of a sworn petition by any such guardian or conservator or guardian ad litem or next friend for the ward or such person entitled to support out of the estate of such ward, reciting in what capacity the petitioner acts and that in the opinion of the petitioner such guardianship or conser-vatorship can be better administered in the circuit court than in the probate court.”

. We also decline to address in any detail Hoff’s argument that the circuit court ruled against him on the basis of his status as a pro se litigant. The circuit court entered a six-page order explaining the law supporting its decision; there is nothing in that order or elsewhere in the record that would support this argument.