MOORE, Chief Justice
(dissenting in case no. 1120678).
I respectfully dissent. For the reasons that follow, I believe the circuit court has subject-matter jurisdiction over this con-servatorship.

I. Statutory Construction

The language of § 26-2-2, Ala.Code 1975, does not expressly require that the petition to remove the conservatorship be *580 filed in, and the removal order entered by, the circuit court. The statute reads:
“[A]n order of removal must be made by the court or judge upon the filing of a sworn petition by any such guardian or conservator or guardian ad litem or next friend for the ward or such person entitled to support out of the estate of such ward, reciting in what capacity the petitioner acts and that in the opinion of the petitioner such guardianship or conser-vatorship can be better administered in the circuit court than in the probate court.”
§ 26-2-2, Ala.Code 1975 (emphasis added). The majority’s construction of this statute goes beyond the plain language of the statute.
The majority opinion states that this Court has recognized that “ ‘a marked similarity exists between the language of § 26-2-2 and the language of Ala.Code 1975, § 12-11-41, which governs the removal of the administration of a decedent’s estate from the probate court to the circuit court.’ ” 149 So.3d at 575 (quoting Ex parte Casey, 88 So.3d 822, 828 (Ala.2012) (plurality opinion)). The similarity of the language, however, does not require us to read words into § 26-2-2. The fundamental rule of statutory construction is that the court must “ascertain and effectuate” the intent of the legislature. Darks Dairy, Inc. v. Alabama Dairy Comm’n, 367 So.2d 1378,1380 (Ala.1979). For this task,
“we must look to the entire Act instead of isolated phrases or clauses; and words are given their plain and usual meaning. Moreover, just as statutes dealing with the same subject are in pari materia and should be construed together, parts of the same statute are in pari materia and each part is entitled to equal weight.”
367 So.2d at 1380-81 (citations omitted). Both § 26-2-2 and § 12-11-41 provide for the removal of proceedings from the probate court. However, the statutes are in separate chapters of the Code, are codified from separate acts, and pertain to different subjects; they should not be construed together.
Section 12-11^1 provides that “an order of removal must be made by the court,” without indicating which court. Section 12-11-41 is found in Title 12, Chapter 11, Article 2, of the Code of Alabama 1975, which concerns the jurisdiction of circuit courts. Thus, I agree that the petition for removal of estates should be filed in, and the petition granted by, the circuit court.
Section 26-2-2 states that “an order of removal must be made by the court or judge,” without indicating which court, or which judge. Section 26-2-2 is found in Title 26, Chapter 2, of the Code of Alabama 1975, which lays out procedures for probate courts, not circuit courts. I conclude that, with reference to this specific statutory title and chapter, “the court or the judge” in § 26-2-2 refers to the probate court and probate judge, not the circuit court.

II. The Nature of Subject-Matter Jurisdiction

The majority opinion concludes “that the circuit court never obtained subject-matter jurisdiction over the conservator-ship proceeding.” 149 So.3d at 576. Both the probate court and the circuit court have subject-matter jurisdiction over this conservatorship, that is, “^jurisdiction over the nature of the case and the type of relief sought.” Black’s Law Dictionary 931 (9th ed. 2009). Subject-matter jurisdiction “concerns a court’s power to decide certain types of cases.” Ex parte Seymour, 946 So.2d 536, 538 (Ala.2006). The probate court has original and general jurisdiction over conservatorships. See §§ 26-5-1 and 12-13-l(b)(6), Ala.Code *581 1975. The circuit court is a court of general jurisdiction, see § 12-1-2, Ala.Code 1975. General jurisdiction is “[a] court’s authority to hear a wide range of cases, civil or criminal, that arise within its geographic area.” Black’s Law Dictionary 929 (9th ed. 2009) (emphasis added).
The majority opinion has confused subject-matter jurisdiction, which is the power to decide certain types of cases, with a procedural issue. The circuit court has subject-matter jurisdiction over this case, regardless of whether the administrator ad colligendum filed the petition to remove the conservatorship in the circuit court or in the probate court.

III. Precedent Does Not Support the Majority Opinion

The majority opinion relies upon the plurality opinion of Ex parte Casey, 88 So.3d 822, 824 (Ala.2012). “The prece-dential value of the reasoning in a plurality opinion is questionable at best.” Ex parte Discount Foods, Inc., 789 So.2d 842, 845 (Ala.2001). The Casey opinion concluded that the circuit court lacked subject-matter jurisdiction to remove a guardianship from the probate court because
“the probate court ha[d] not entered an order creating a guardianship or conser-vatorship for Jo Ann. Logically, because no guardianship or conservatorship has been created for Jo Ann, there is no ‘administration or conduct’ of such guardianship or conservatorship to be removed from the probate court to the circuit court.”
88 So.3d at 830 (emphasis added). Here, the probate court created and then began administration of the conservatorship before ordering it removed to circuit court. Thus, the key fact in Casey on subject-matter jurisdiction is not present in this case. This difference, coupled with the limited precedential value of Casey, makes questionable Casey ⅛ support for the majority opinion.
The majority opinion also relies on DuBose v. Weaver, 68 So.3d 814, 821 (Ala. 2011). Like the court in Casey, the probate court in DuBose did not initiate the administration of an estate. We concluded that the circuit court lacked subject-matter jurisdiction because “there was no pending estate administration that [the circuit court] could have removed from the probate court pursuant to § 12-11-41.” 68 So.3d at 822.
The majority opinion relies upon this statement from DuBose: “ ‘[T]he filing of a petition for removal in the circuit court and the entry of an order of removal by that court are prerequisites to that court’s acquisition of jurisdiction over the administration of an estate pursuant to § 12-11-41.’ ” 149 So.3d at 576 (quoting DuBose, 68 So.3d at 822). This statement in Du-Bose was a hypothetical contained in dicta.[6] The majority opinion applies this dicta and concludes that the circuit court lacks subject-matter jurisdiction because the administrator filed the petition for removal in the probate court, which court entered the order of removal. As explained above, § 12-11-41 requires the petition for removal of the administration of an estate to be filed in the circuit court, but § 26-2-2 does not require the same procedure for the removal of a conserva- *582 torship. DuBose thus gives only questionable support to the majority opinion.
The majority opinion also cites Smith v. Smith, 248 Ala. 49, 51, 26 So.2d 571 (1946) (next of kin of deceased ward did not have an absolute right to removal, in the absence of a special equity). In Smith, the guardian objected to the next of kin’s petitioning for the removal of a guardianship to the circuit court. Unlike Smith, the parties here have not objected to how the conservatorship was removed to the circuit court. The parties also did not object that the administrator ad colligendum is not on the list of persons who may petition for removal without assigning special equity. These procedural irregularities under § 26-2-2 do not affect the circuit court’s subject-matter jurisdiction over this case.

VI. Conclusion

For these reasons, I believe this Court has improperly dismissed the appeal in case no. 1120678 and improperly ordered the circuit court’s orders below 'vacated.

. That this statement is dicta is plain from these remarks: "Moreover, even were we to conclude that the administration of the estate was pending in the probate court when the Washington Circuit Court purported to assume jurisdiction over it, it does not appear that Sullivan's heirs filed their transfer/removal petition in the circuit court, and at no time did the circuit court enter an order purporting to remove the administration of the estate from the probate court.” DuBose, 68 So.3d at 822 (first emphasis added).