DONALDSON, Judge.
Charles Edward Rush (“Edward”) appeals from a judgment of the Marshall Circuit Court (“the circuit court”) appointing Christopher Rush (“Chris”) and Rhona Rush as co-guardians of Nell Rush, appointing Chris as conservator of Nell’s estate, and denying all relief requested by Edward.[1] The case was purportedly removed to the circuit court from the Marshall Probate Court (“the probate court”); however, the removal was not accomplished in accordance with § 26-2-2, Ala. Code 1975, and, thus, the circuit court did not acquire subject-matter jurisdiction to enter the judgment. Therefore, we dismiss the appeal.

Facts and Procedural History

Only a brief recitation of the facts and procedural history is necessary. Nell is Edward’s mother and Chris’s wife. On October 13, 2008, Edward petitioned the probate court to be appointed as guardian and conservator for Nell. On October 14, 2008, the probate court entered an order stating, in part:
“After consideration of the premises and of the pleadings presented to this Court, the Court finds that Nell N. Rush may be an incapacitated person within the meaning of the Uniform Guardianship and Protective Proceedings Act and that a temporary Guardian and Conservator of her estate should be appointed. It is therefore
“ORDERED, ADJUDGED AND DECREED that:
“1. The Petition filed herein, as it pertains to a temporary order, is hereby granted and Charles Edward Rush is hereby appointed Temporary Guardian and Conservator over the estate of Nell N. Rush. Temporary Letters of Guardianship and Conservatorship shall be immediately issued to the said Charles Edward Rush upon filing a $300,000 bond.[2]
“2. The Temporary Guardian and Conservator shall have all the powers and duties conferred under § 26-2A-152 and -153 and § 26-2A-108 of the Code of Alabama, 1975.
“3. All other petitions, requests and outstanding matters are hereby reserved and shall be ruled upon by the Court at the final hearing.”
There is no indication in the record that Edward posted the $300,000 bond required by the October 14, 2008, order, and no letters of guardianship or conservatorship were issued to him.
On October 17, 2008, the probate court entered an order setting a final hearing date on the petition, appointing a court representative and a guardian ad litem to represent Nell, and ordering that Nell undergo a medical examination. On January 12, 2009, Edward amended his petition to *365 request the appointment of his wife, Patti Rush, as guardian of Nell and to request the appointment of the county conservator, David Roadtruck, as the conservator of Nell’s estate. On January 20, 2009, Chris filed a counterpetition requesting that he be appointed as guardian and conservator for Nell or, in the alternative, requesting that the probate court appoint Wendell Rush, another son of Nell’s and Chris’s, as Nell’s guardian and conservator. Wendell died during the pendency of this case and is survived by his wife, Rhona.
On November 16, 2009,[3] the parties filed a joint petition in the circuit court seeking to remove the case from the probate court; that petition stated:
“Come now Petitioners Edward Rush and Patti Rush, through their attorney, Norma McCord and Petitioners Chris Rush and Wendell Rush through their attorney, Dave Beuoy, and with the consent and knowledge of the Guardian ad litem and Court Representative, pursuant to § 26-2-2, Code of Alabama, 1975, and move and petition this Honorable Court for an Order removing the pending action for guardianship and conser-vatorship for Nell N. Rush, from the Probate Court of Marshall County to the Circuit Court of Marshall County because such guardianship and conserva-torship can be better administered in the Circuit Court than in the Probate Court.”
The allegations of the removal petition were not sworn, and the petition was signed only by the attorneys representing the parties in the probate court. On November 18, 2009, the circuit court entered an order purporting to remove the case from the probate court to the circuit court. At the time the joint petition to remove was filed and the order of removal was entered, the probate court had not issued letters of guardianship or conservatorship to anyone.
On October 4, 2010, the circuit court entered an order of protection over Nell’s assets. The order also authorized the parties’ attorneys to obtain and disclose information regarding Nell and her assets and appointed a physician to examine Nell. On May 1, 2018, the circuit court held a final hearing in which it received ore tenus evidence from the parties. On May 22, 2013, the circuit court entered a judgment finding Nell to be an incapacitated person, appointing Chris and Rhona as co-guardians of Nell, and appointing Chris as conservator of Nell’s estate. The judgment ordered Edward to “return all jewelry, appraisals or other things of value in his possession or control, belonging to Nell N. Rush or Chris Rush tó Chris Rush within 10 days from the date of this Order.” The judgment provided that Edward could have visitation with Nell “at any appropriate time, but not in the presence of Chris Rush.” The circuit court expressly denied “all other relief requested and not herein granted.”
On June 2, 2013, Edward and Nell’s guardian ad litem filed a joint motion to alter or amend the terms of Edward’s visitation with Nell as contained in the May 22, 2013, judgment. On June 4, 2013, Edward filed a motion requesting that the circuit court vacate the provision in the May 22, 2013, judgment ordering Edward to return anything in his possession that belonged to Nell or Chris. On July 9, 2013, the circuit court granted the June 2, 2013, postjudgment motion filed by Edward and Nell’s guardian ■ ad litem and *366 entered an order altering Edward’s visitation with Nell. The July 9, 2018, order did not address Edward’s June 4, 2013, motion, and the circuit court never ruled on the June 4, 2013, motion.
On September 24, 2013, Edward filed a notice of appeal to this court. This court transferred the appeal to the Alabama Supreme Court on jurisdictional grounds. The supreme court then transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7(6).

Discussion

A. Timeliness of Appeal

Chris contends that this court does not have jurisdiction because, he asserts, Edward’s appeal was untimely. “The timely filing of the notice of appeal is a jurisdictional act.” Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App.1985). “An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.” Rule 2(a)(1), Ala. R.App. P.
Pursuant to Rule 59, Ala. R. Civ. P., a postjudgment motion filed within 30 days of the entry of a judgment suspends the time for filing a notice of appeal from the judgment until 42 days from the date the postjudgment motion is ruled upon or denied either expressly or by operation of law. Rule 4(a)(3), Ala. R.App. P. Edward filed two postjudgment motions to alter, amend, or vacate portions of the May 22, 2013, judgment: one on June 2, 2013, directed to visitation with Nell and a second motion on June 4, 2013, directed to the return of property to Nell and Chris. The circuit court granted Edward’s June 2 motion but never ruled on Edward’s June 4 motion. The June 4 motion was denied by operation of law on September 3, 2013, pursuant to Rule 59.1, Ala. R. Civ. P.[4] Edward’s September 24, 2013, notice of appeal was filed within 42 days after the June 4 motion was denied by operation of law, but beyond 42 days from the circuit court’s entry of the July 9, 2013, order granting Edward’s June 2 motion.
Chris argues that Edward filed successive postjudgment motions and, therefore, that the second postjudgment motion on June 4 did not toll the time for filing an appeal. In support, Chris cites Ex parte Dowling, 477 So.2d 400 (Ala.1985), and Washington v. Washington, 24 So.3d 1126 (Ala.Civ.App.2009), for the proposition that a successive postjudgment motion does not extend the time for filing a notice of appeal. In each of those cases, the second postjudgment motion was filed after the trial court had entered a ruling on the first postjudgment motion. “Our supreme court has explained ... that ‘if a party has his own post-judgment motion denied, the review of that denial is by appeal. The rules do not provide for a “motion to reconsider” the denial of one’s own post-judgment motion.’” Burgess v. Burgess, 99 So.3d 1237, 1241 (Ala.Civ.App.2012) (quoting Ex parte Mutual Sav. Life Ins. Co., 765 So.2d 649, 651 (Ala.1998)).
In Henderson v. Koveleski, 717 So.2d 803 (Ala.Civ.App.1998), this court discussed two different scenarios involving sequentially filed postjudgment motions. In one scenario, the father had filed post-judgment motions that the, trial court de *367 nied. Afterwards, the father filed an additional postjudgment motion that this court held “effectively sought nothing more than review of the trial court’s denial of the father’s previous postjudgment motions.” Id. at 806. As in Ex parte Dowling and Washington v. Washington, the latter postjudgment motion did not toll the time for filing an appeal. This court also discussed another scenario that occurred earlier in the case. After the trial court entered its judgment, the father initially filed two postjudgment motions on the same day “challenging different aspects of that judgment and requesting that the trial court revise its judgment.” Henderson, 717 So.2d at 805. The trial court denied the first motion, which had been directed toward, one ruling within the judgment, but the trial court did not rule on the second motion challenging another ruling within the judgment. Regarding the second motion in that scenario, this court held that the father “continued to have a viable post-judgment motion pursuant to Rule 59, Ala. R. Civ. P.,” and that “the 90-day period set forth in Rule 59.1, Ala. R. Civ. P., continued to run.” Id.
“Rule 59.1 has been held to apply separately to each distinct timely filed post-judgment motion so as to afford the trial court a full 90-day period to rule on each separate motion.” Roden v. Roden, 987 So.2d 83, 85 (Ala.Civ.App.2006) (citing Spina v. Causey, 403 So.2d 199, 201 (Ala.1981)) (holding that Rule 59.1 did not apply to a second postjudgment motion that did not state different or additional grounds for amending the judgment or seek different relief so as to amount to a separate postjudgment motion). Accordingly, Rule 59.1 applies separately to a timely filed second postjudgment motion if that motion challenges a different aspect of the judgment than the first postjudgment motion.
Edward filed his second postjudgment motion within 30 days of the entry of the May 22, 2013, judgment and before the circuit court had ruled on his first post-judgment motion. The motion also was directed to a different ruling within the judgment than the ruling addressed in the first postjudgment motion. The second postjudgment motion was not a request to reconsider the denial of the first post-judgment motion. Instead, each post-judgment motion sought to amend a different aspect of the judgment. Because the two motions concerned different aspects of the judgment, they are separate, timely filed postjudgment motions for the purpose of calculating the period for filing an appeal. Rule 59.1, therefore, applied separately to the second postjudgment motion, which, as noted previously, was denied by operation of law. Because the notice of appeal was filed within 42 days after the second postjudgment was deemed denied, Edward’s appeal was timely.

B. Docketing Statement

Chris also argues that Edward’s appeal must be dismissed pursuant to Rule 3(e), Ala. R.App. P., because Edward failed to file a docketing statement. Rule 3(e) states, in pertinent part:
“Each notice of appeal to an appellate court, at the time it is filed with the trial court, shall be accompanied by the appropriate ‘Docketing Statement’ (Form 24, 25, or 26).... However, the appellant’s failure to file the docketing statement with the notice of appeal shall not affect the validity of the notice of appeal. The appellant, or if the appellant is represented by counsel, then the appellant’s attorney, shall complete and sign the docketing statement before it is filed with the court. If the notice of appeal is tendered to the clerk of the trial court without a properly completed docketing statement, the clerk shall accept the no *368 tice of appeal and shall inform the person filing it of the requirements of this rule, and the appellant, or, if the appellant is represented by counsel, then the appellant’s attorney, shall promptly file a properly completed docketing statement. The clerk of the trial court, when serving the notice of appeal as specified in this rule, shall attach thereto a copy of the docketing statement, if available. If, on the date the notice of appeal is served, the docketing statement is not available, it shall be served on those persons on whom the notice of appeal was served as soon as it becomes available. For the failure to comply with the requirements of this rule, the appellate court in which the appeal is pending may make such orders as are just, including an order staying the proceedings until the docketing statement is filed or, after proper notice, an order dismissing the appeal; and, in lieu of any orders or, in addition to any orders, the court may treat the failure to comply with the requirements of this rule as contempt of court.”
Rule 3(e) expressly states that the failure to file a docketing statement “shall not affect the validity of the notice of appeal.” Although the rule provides that the appellate court may take certain actions for the failure of a party to comply with the provisions of the rule, we decline to do so in this case, where there is no indication that any deficiency was brought to Edward’s attention and where Chris does not allege any prejudice or injury to his substantial rights based on a lack of a docketing statement. Because the failure to file a docketing statement was a harmless error, we decline to dismiss the appeal on that basis.

C. Removal to the Circuit Court

Although Chris does not challenge the removal of the case from the probate court to the circuit court, we must address the issue whether the circuit court had subject-matter jurisdiction to enter the judgment. “Lack of subject matter jurisdiction may not be waived by the parties and it is the duty of an appellate court to consider lack of subject matter jurisdiction ex mero motu.” Ex parte Smith, 438 So.2d 766, 768 (Ala.1983) (citing City of Huntsville v. Miller, 271 Ala. 687, 127 So.2d 606 (1958), and Payne v. Department of Indus. Relations, 423 So.2d 231 (Ala.Civ.App.1982)). “A judgment entered by a court lacking subject-matter jurisdiction is absolutely void and will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment.” Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008) (citing Hunt Transition & Inaugural Fund, Inc. v. Grenier, 782 So.2d 270, 274 (Ala.2000)). “Matters of subject-matter jurisdiction are subject to de novo review.” DuBose v. Weaver, 68 So.3d 814, 821 (Ala.2011) (citing Solomon v. Liberty Nat’l Life Ins. Co., 953 So.2d 1211, 1218 (Ala.2006)).
Probate courts have general and original jurisdiction over petitions for the appointment of guardians and conservators for incapacitated persons. § 12 — 13—1(b)(6) and (b)(7), Ala.Code 1975. A circuit court gains jurisdiction over conservatorship and/or guardianship proceedings through the removal of the proceedings from a probate court pursuant to § 26-2-2, Ala. Code 1975:
“The administration or conduct of any guardianship or conservatorship of a minor or incapacitated person may be removed from the probate court to the circuit court, at any time before the final settlement thereof by the guardian or conservator of any such guardianship or conservatorship or guardian ad litem or next friend of such ward or anyone entitled to support out of the estate of such ward without assigning any special equi *369 ty, and an order of removal must be made by the court or judge upon the filing of a sworn petition by any such guardian or conservator or guardian ad litem or next friend for the ward or such person entitled to support out of the estate of such ward, reciting in what capacity the petitioner acts and that in the opinion of the petitioner such guardianship or conservatorship can be better administered in the circuit court than in the probate court.”
A circuit court lacks subject-matter jurisdiction to remove a proceeding before the probate court has acted upon the petition for letters of guardianship or conservatorship. Ex -parte Casey, 88 So.3d 822, 829 (Ala.2012); Ex parte Coffee Cnty. Dep’t of Human Res., 771 So.2d 485, 487 (Ala.Civ.App.2000) (holding that the circuit court prematurely removed conservator-ship proceeding). Section 26-2-2 permits the removal of the “administration or conduct of any guardianship or conservator-ship.” There is no “administration or conduct” of a guardianship or conservatorship to remove from the probate court to the circuit court when no guardianship or con-servatorship has been created for the incapacitated person. Ex parte Casey, 88 So.3d at 830.
The supreme court and this court have recognized that the language of § 26-2-2 has a “marked similarity” to the language of § 12-11-41, Ala.Code 1975, governing the removal of the administration of a decedent’s estate from the probate court to the circuit court.[5] Beam v. Taylor, 149 So.3d 571, 580 (Ala.2014); Ex parte Casey, 88 So.3d at 828; see also Ex parte Coffee Cnty. Dep’t of Human Res., supra. In Allen v. Estate of Juddine, 60 So.3d 852, 855 (Ala.2010), the supreme court stated that “[t]he administration of the estate was initiated by the probate court when it granted ... letters of administration.” In DuBose v. Weaver, supra, the probate court had not admitted the will to probate and had not issued letters testamentary. “[W]here no letters of.general administration have issued from the probate court and where the decedent’s will has not yet been admitted to probate, the circuit court ‘is without jurisdiction to make an order’ removing the administration of the estate from the probate court to the circuit court.” 68 So.3d at 822 (quoting Ex parte Pettus, 245 Ala. 349, 351, 17 So.2d 409, 410-11 (1944)). Similarly, the probate court in this case had not issued letters of conservatorship or guardianship to anyone at the time the proceeding was purportedly removed to the circuit court. Therefore, because no guardianship or conservatorship had been established by the probate court, there was no “administration or conduct” of a guardianship of Nell or of a conservator-ship of her estate to be removed under § 26-2-2.
We also note that the removal petition was defective because § 26-2-2 requires the “filing of a sworn petition by any such guardian or conservator or *370 guardian ad litem or next friend for the ward or such person entitled to support out of the estate of such ward, reciting in what capacity the petitioner acts and that in the opinion of the petitioner such guardianship or conservatorship can be better administered in the circuit court than in the probate court.” The petition in this case was not sworn to by any party and did not include a recitation of the capacity of the petitioners. A recitation of capacity is still required even if the petitioner has a blood relationship or is next of kin to the protected person. See Hoff v. Goyer, 107 So.3d 1085, 1092 (Ala.2012) (holding that grandson’s blood relationship did not qualify petitioner as next.friend with standing to seek removal of proceeding to circuit court pursuant to § 26-2-2); Smith v. Smith, 248 Ala. 49, 51, 26 So.2d 571, 571 (1946) (holding that next of kin did not have absolute right to removal of administration of guardianship proceeding to circuit court). A circuit court does not have subject-matter jurisdiction to enter an order of removal when the statutory requirements for a removal petition have not been met. McNairy v. McNairy, 416 So.2d 735, 736 (Ala.1982) (holding that petition for removal did not meet the requirements in § 26-2-2 when petition was unsworn and lacked a recitation from the petitioner of her capacity as sister of the protected person).
For the foregoing reasons, the circuit court did not acquire subject-matter jurisdiction to remove the case from the probate court, and, therefore, the judgment and orders entered by the circuit court are void. “[A] void order will not support an appeal.” Beam v. Taylor, 149 So.3d at 577. Accordingly, we dismiss the appeal with instructions that the circuit court vacate all orders entered following the filing of the petition to remove the case from the probate court.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
THOMAS, J., concurs in the result, without writing.

. In his notice of appeal, Edward named only Chris as an appellee. Rhona is not a party to this appeal.

. The words "upon filing a $300,000 bond” were handwritten and initialed while the remaining portion of the order was in type.

. The petition was initially filed in the circuit court on March 10, 2009; however, the filing fee was not paid until November 16, 2009.

. Rule 59.1 provides that a postjudgment motion that is not ruled on by the court within 90 days is deemed denied at the expiration of the 90-day period. The 90th day following Edward’s filing of his postjudgment motion on June 4, 2013, was Labor Day, Monday, September 2, 2013. Therefore, Edward’s postjudgment motion was deemed denied on Tuesday, September 3, 2013. See First Alabama Bank v. McGowan, 758 So.2d 1116 (Ala.Civ.App.2000), and Richburg v. Cromwell, 428 So.2d 621 (Ala.1983); see also Williamson v. Fourth Ave. Supermarket, Inc., 12 So.3d 1200, 1203-04 (Ala.2009).

. Section 12-11-41, Ala.Code 1975, provides:
“The administration of any estate may be removed from the probate court to the circuit court at any time before a final settlement thereof, by any heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed of any such estate, without assigning any special equity; and an order of removal must be made by the court, upon the filing of a sworn petition by any such heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed of any such estate, reciting that the petitioner is such heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed and that, in the opinion of the petitioner, such estate can be better administered in the circuit court than in the probate court.”