[1] The style of the proceeding in the circuit court, like the petition in this Court, described Mary Ellen Smith "as executrix of the estate of Vesta Carr Stone, deceased." As our opinion indicates, however, no personal representative has been appointed. Accordingly, we have restyled these proceedings. *Page 1375 
 ON APPLICATION FOR REHEARING
The opinion of December 18, 1992, is withdrawn and the following opinion is substituted therefor.
Mary Ellen Smith petitions this Court for a writ of mandamus directing the Madison Circuit Court to vacate its order removing a will proceeding from the probate court to the circuit court.
Vesta Carr Stone died in February 1992. Smith submitted to the probate court a document purporting to be Stone's will, asking that that court conduct all proceedings and render all orders necessary to make the will effective. That will named Smith as executrix. Before the probate court made any rulings in this matter, Vera Mae Hollis and others petitioned the circuit court for removal of the will proceeding to the circuit court. The circuit court ordered the removal of the case, pursuant to Ala. Code 1975, § 12-11-41. Smith filed a motion challenging the circuit court's jurisdiction to enter the removal order and asking that the circuit court return the proceeding to the probate court; it denied this motion. Smith then petitioned this Court for a writ of mandamus ordering the circuit court to vacate its removal order.
Smith argues that the circuit court's order should be vacated because it was entered before the probate court had admitted Carr's will to probate or had named a personal representative of the estate. Smith contends that the probate court never began the administration of the estate and, thus, that the administration could not be removed to the circuit court.
Section 12-11-41 provides:
 "The administration of any estate may be removed from the probate court to the circuit court at any time before a final settlement thereof, by any heir, devisee, legatee, distributee, executor, administrator . . .; and an order of removal must be made by the court, upon the filing of a sworn petition by any such heir, [etc.,] reciting that the petitioner is such heir [etc.,] and that, in the opinion of the petitioner, such estate can be better administered in the circuit court than in the probate court."
(Emphasis added.) Section 12-13-1 provides, in pertinent part:
 "(a) The probate court shall have original and general jurisdiction as to all matters mentioned in this section. . . .
 "(b) The probate court shall have original and general jurisdiction over the following matters:
"(1) The probate of wills.
 "(2) The granting of letters testamentary and of administration and the repeal or revocation of the same."
The circuit court cannot assume jurisdiction over the administration of an estate when the administration has not yet *Page 1376 
begun. In the case of Ex parte Kelly, 243 Ala. 184, 8 So.2d 855
(1942), this Court addressed the issue of when an "administration" begins. There, the deceased's wife and brother filed separate petitions for letters of administration in the probate court and, after the court had issued letters to the wife, the brother appealed to the circuit court. The probate court appointed a special administrator of the estate pending appeal, and the brother then petitioned for removal of the administration of the estate to the circuit court. The court granted that petition, and the wife appealed to this Court, arguing that the matter could not be removed until a general administrator was appointed. This Court held that "when the petition for the appointment of an administrator was filed in the probate court, and that court assumed jurisdiction, appointing the administrator, this constituted it a pending administration subject to removal to the court of equity."243 Ala. at 187, 8 So.2d at 857.
From Kelly, we conclude that the mere filing of a petition for the administration of an estate does not in itself begin the administration; rather, the probate court must act upon the petition and thereby activate the proceedings, which may thereafter be subject to removal to the circuit court. The circuit court cannot initiate the administration of an estate, because the initiation of administration is a matter exclusively in the jurisdiction of the probate court. Ala. Code 1975, § 12-13-1; Ex parte Pettus, 245 Ala. 349, 17 So.2d 409
(1944). In this case, the probate court had taken no action whatever on Smith's petition; therefore, the administration of Stone's estate did not begin and Hollis's petition for removal was premature.
Although mandamus is a drastic and extraordinary remedy, to be issued only where the movant has a clear and indisputable right to the order sought, Ex parte Nissei Sangyo America,Ltd., 577 So.2d 912 (Ala. 1991), Smith has established this right. Thus, the petition for the writ of mandamus is granted.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION GRANTED; WRIT GRANTED.
HORNSBY, CJ., and MADDOX, SHORES, ADAMS, HOUSTON and INGRAM, JJ., concur.