The Coffee County Department of Human Resources (DHR) received several telephone calls concerning the welfare of Leola Nichols, an elderly resident of Enterprise. The callers were concerned that Ms. Nichols was being exploited financially. DHR investigated those concerns and determined that Ms. Nichols might benefit from having a conservator appointed to handle her financial affairs.
DHR then filed a "Petition for Letters of Conservatorship" in the Coffee County Probate Court. The probate court appointed Ms. Nichols a guardian ad litem and set the matter for a hearing. Ms. Nichols retained separate counsel and filed a petition to strike the petition for letters of conservatorship and a petition to remove the administration of the conservatorship to the circuit court. The circuit court removed the case and, in response to Ms. Nichols's motion to strike, dismissed the case on the basis that DHR was not a proper party to bring a conservatorship action. DHR has petitioned for a writ of prohibition, arguing that the circuit court did not have jurisdiction to enter the removal order because a conservatorship had not yet been established.
DHR requests a writ of prohibition to prevent the circuit court from exercising jurisdiction over the conservatorship petition. We must determine whether a petition for a writ of prohibition is the appropriate method to review the circuit court's action in this case. Because a writ *Page 487 
of prohibition is the proper method to test jurisdiction and "lies when a court acts in excess of its jurisdiction," Ex parte City ofTuskegee, 447 So.2d 713, 716 (Ala. 1984), and because it is "the proper remedy to intercept and put an end to a usurpation of jurisdiction," Ex parte State ex rel. Bragg, 240 Ala. 80, 85,197 So. 32, 36 (1940), we conclude that a petition for such a writ is the appropriate method for securing a review.
"Issuance of a writ of prohibition lies within the discretion of the court, and the writ is granted or withheld according to the nature and circumstances of the case, not as a matter of right." State v. Crossman, 687 So.2d 817, 818
(Ala.Crim.App. 1996) (citations omitted). To prevail on its petition before this court, DHR must show: "(1) that there has been a usurpation or abuse of power, (2) that there is no other adequate remedy at law, (3) that the petitioner has suffered injury, and (4) that the question has been presented to the inferior court."Id. at 819 (citation omitted). DHR has met these requirements.
After considering DHR's argument that the circuit court lacked jurisdiction to enter its removal order, we have determined that the circuit court did act prematurely in issuing that order. In a similar case involving the removal of an estate to the circuit court, the supreme court held that a "circuit court cannot assume jurisdiction over an estate when the administration has not yet begun." Ex parte Smith, 619 So.2d 1374, 1375-76 (Ala. 1993). The court reasoned:
 "[T]he mere filing of a petition for the administration of an estate does not in itself begin the administration; rather, the probate court must act upon the petition and thereby activate the proceedings, which may thereafter be subject to removal to the circuit court. The circuit court cannot initiate the administration of an estate, because the initiation of administration is a matter exclusively in the jurisdiction of the probate court. In this case, the probate court had taken no action whatever on [the] petition; therefore, the administration of [the] estate did not begin and [the] petition for removal was premature."
Ex parte Smith, 619 So.2d at 1376 (internal citations omitted).
The statute providing for the removal of an estate to the circuit court, Ala. Code 1975, § 12-11-41, which the supreme court construed in Ex parte Smith, begins with the words "[t]headministration of any estate may be removed." The statute providing for the removal of a conservatorship to the circuit court, Ala. Code 1975, § 26-2-2, begins with the words "[t]headministration or conduct of any guardianship or conservatorship . . . may be removed." The language of the two statutes is nearly identical. In addition, the statute granting the probate court original jurisdiction over the initiation of the administration of an estate, see Ala. Code 1975, § 12-13-1(b)(2), also provides that the probate court has original jurisdiction over "the appointment and removal of guardians." See Ala. Code 1975, § 12-13-1(b)(6).
Because the statute governing the removal of a conservatorship is so similar to the statute governing the removal of an estate and because both actions are within the original jurisdiction of the probate court, we conclude that the circuit court did not have jurisdiction to enter a removal order before the probate court had acted upon DHR's petition. Therefore, we issue the writ of prohibition and direct the circuit court to vacate its removal order.
WRIT GRANTED.
Robertson, P.J., and Yates and Thompson, JJ., concur.
Monroe, J., concurs in the result. *Page 488