Emory L. Terry, as the administrator of the estate of Fay Sewell Terry, deceased ("the administrator"), petitions this Court for a writ of mandamus directing the Mobile Probate Court to vacate its June 23, 2006, and July 12, 2006, orders, which were entered after the administrator filed a petition in the circuit court to remove the administration of the estate from the probate court to the Mobile Circuit Court. We deny the petition.
 I. Facts and Procedural Background
On June 13, 2006, the administrator filed a petition to remove the administration of the estate from the probate court to the circuit court. On June 23, 2006, the probate judge entered an order purporting to deny the petition for removal, based primarily on its view that final settlement of the administration of the estate had begun and that the petition was therefore untimely. The administrator then filed with the probate court a motion to vacate the court's order denying removal. On June 30, 2006, the administrator filed a petition for a writ of mandamus with this Court asking us to direct the probate judge to vacate its June 23, 2006, order. On July 12, 2006, the probate court issued another order, vacating its June 23, 2006, order but reincorporating the findings of fact and conclusions of law of the previous order.
Based in part on the probate court's findings of fact and conclusions of law in its July 12 order, incorporated from the June 23 order, the circuit court entered its initial order on July 17, 2006, over one month after the filing of the petition to remove, denying the petition. The administrator then filed a motion to amend or vacate the circuit court's order; that motion is being held in abeyance pending our review of this mandamus petition. The administrator also filed an amended petition for the writ of mandamus contending that the fact that the July 12 order set aside the June 23 order, which was the subject of the original mandamus petition, *Page 457 
does not render the removal issue moot because the probate court, he says, had no jurisdiction to rule on the petition for removal and all orders entered after the filing of the petition for removal should be stricken.
 II. Standard of Review
The administrator's challenge to the probate court's jurisdiction is reviewable by a petition for a writ of mandamus.Ex parte Johnson, 715 So.2d 783, 785 (Ala. 1998). As we recently stated in Ex parte Williford, 902 So.2d 658,661-62 (Ala. 2004):
 "Our standard of review of a petition for a writ of mandamus is well settled: `Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995)."
Although this Court reviews a mandamus petition to determine whether the trial court exceeded its discretion, this Court reviews issues of law de novo.
 "`[W]here the facts before the trial court are essentially undisputed and the controversy involves questions of law for the court to consider, the court's judgment carries no presumption of correctness.' Allstate Ins. Co. v. Skelton, 675 So.2d 377, 379 (Ala. 1996). Questions of law are reviewed de novo. BT Sec. Corp. v. W.R. Huff Asset Mgmt. Co., 891 So.2d 310 (Ala. 2004)."
Alabama Republican Party v. McGinley, 893 So.2d 337, 342
(Ala. 2004). The petitioner's claim that the probate court lacked subject-matter jurisdiction to rule on the removal petition presents a question of law, which we review de novo.
 III. Analysis
Section 12-11-41, Ala. Code 1975, provides:
 "The administration of any estate may be removed from the probate court to the circuit court at any time before a final settlement thereof by any heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed of any such estate, without assigning any special equity; and an order of removal must be made by the court, upon the filing of a sworn petition by any such heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed of any such estate, reciting that the petitioner is such heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed and that, in the opinion of the petitioner, such estate can be better administered in the circuit court than in the probate court."
(Emphasis added.)
In Ex parte McLendon, 212 Ala. 403, 405, 102 So. 696,698 (1924) ("McLendon I"), this Court addressed the pleading requirements of a removal petition under the act that is now codified at § 12-11-41:
 "The words `at any time before a final settlement,' found in the removal act, mean before proceedings for settlement begin, not before they are completed. The better and approved practice is to aver in the removal petition that no steps have been taken for a settlement in the probate court."
(Emphasis added.) Although McLendon I refers to "[t]he better and approved practice," the Court in McLendon I
did not require that the petition for removal plead the timeliness of the petition. Instead, § 12-11-41 is specific as to what must be pleaded in a petition for removal of the *Page 458 
administration of an estate from the probate court to the circuit court to make a prima facie case for removal. The McLendonI Court went on to state: "We would say a petition using the statutory words would be sufficient, if the facts support them in their legal sense. Being an ex parte proceeding, it is the existence of these facts presented in statutory way that gives the court jurisdiction." 212 Ala. at 405, 102 So. at 698. Because a petition containing the required averments under § 12-11-41
conveys jurisdiction to the circuit court, an order granting a removal petition would be a formality, when the circuit court makes "no judicial finding that these facts exist," but merely enters "an order . . . as of course." 212 Ala. at 405,102 So. at 698. Although the administrator's petition for removal lacked averments that would constitute what the McLendon I
Court described as "[t]he better and approved practice," it did contain the minimum pleading requirements required by statute to make a prima facie case for removal.
Consistent with McLendon I, this Court in Ex parteMcLendon, 824 So.2d 700, 704 (Ala. 2001) ("McLendonII"), held that when a party has made a prima facie showing that the party is entitled to the removal of the administration of an estate under § 12-11-41, "the circuit courtmust order its removal, subject to retransfer upon a motion by the opponent of the transfer, and a finding by thecircuit court that the party effecting removal lacked standing under the statute." In McLendon II, this Court held that the circuit court, not the probate court, must determine the threshold issue of standing, and we issued a writ of mandamus requiring the circuit court to set aside its order deferring to the probate court for a determination of standing. There, as here, the probate court continued to assert jurisdiction during the pendency of the petition for removal.
However, the petition for removal in McLendon II was also grounded upon § 43-8-198, applicable to will contests, which provides, in pertinent part:
 "Upon the demand of any party to the contest, made in writing at the time of filing the initial pleading, the probate court, or the judge thereof, must enter an order transferring the contest to the circuit court of the county in which the contest is made. . . ."
(Emphasis added.) Unlike § 12-11-41, the duty to order the removal under § 43-8-198 is on the probate court, not the circuit court. Consequently, the petitioner inMcLendon II sought a writ of mandamus directed to both the probate court and the circuit court, and this Court issued the writ as to each petition. In this proceeding, the administrator sought a writ of mandamus directed to only the probate court. The administrator's mandamus petition contained averments relating to standing and asserting that the estate could be better administered in the circuit court as required by § 12-11-41; it did not indicate the existence of a will contest implicating § 43-8-198.
Pursuant to § 12-11-41 and the construction of that statute and its predecessors in McLendon I and McLendonII, the circuit court should have granted the administrator's removal petition, thereby depriving the probate court of any opportunity to engage in further proceedings. However, not only did the circuit court fail to enter an order on the removal petition for more than a month, it also denied the petition based upon conclusions as to un-timeliness drawn from matters set forth in orders entered by the probate court during the interval between the filing of the petition for removal and the entry of the circuit court's order. *Page 459 
The root of the problem in this case is the failure of the circuit court to act. However, that failure does not warrant this Court's granting the administrator's petition for a writ of mandamus requiring the probate court to set aside any orders it entered during the month-long interval during which the circuit court failed to enter the order necessary to take jurisdiction of the estate from the probate court. As previously noted, the separate provision for removal of a will contest that requires action by the probate court (§ 43-8-198) is not here at issue. A proper remedy would have been a petition for a writ of mandamus directed to the circuit court requiring it (a) to set aside its order denying the petition, (b) to enter the ex parte order granting the petition as required by §12-11-41 based upon the averments in the petition, and (c) thereafter to review de novo, without regard to any findings of the probate court, the question of the timeliness of the petition.
In this fashion, the administrator would have been placed in the position in which he would have been had the circuit court acted seasonably on the petition for removal. Alternatively, and in view of the un-timeliness of a writ of mandamus directed to the circuit court at this stage of the proceedings, if upon denial of this petition for a writ of mandamus the circuit court denies the administrator's pending motion to amend or to vacate its order denying removal, being held in abeyance until we dispose of the petition for a writ of mandamus, the administrator may appeal the order of the circuit court. SeeEx parte Kelly, 243 Ala. 184, 187, 8 So.2d 855, 857
(1942) ("The effect of the decree appealed from — remanding the administration of the estate to the probate court — was to put this branch of the case out of the circuit court, and was such final decree as will support the appeal."). Thus, in the context of the facts of this case, the administrator has another adequate remedy.
 IV. Conclusion
Because the administrator fails to demonstrate a clear legal right to a stay in the probate court by the mere filing of a petition for removal pursuant to § 12-11-41 and because the administrator has another available remedy if the circuit court fails to grant the petition for removal upon its being filed with the necessary statutory averments, the petition for a writ of mandamus is denied.
PETITION DENIED.
NABERS, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.