Chester Elton Berry, Robert Berry, Donald Berry, Henry Berry, William Berry, Karen Berry Davis, and Randy Berry (collectively "the Berrys") petition this Court for the writ of mandamus directing Cullman Circuit Court Judge Don L. Hardeman to grant the Berrys' motion for the dismissal of the administration of the estate of Vera H. Berry, which had been removed from the Cullman County Probate Court. We grant the petition and issue the writ.
 Facts and Procedural History
The facts relevant to the disposition of this mandamus petition are undisputed. On August 16, 2006, Haskel R. Berry, as executor, filed in the Cullman County Probate Court a petition to probate the will of Vera H. Berry. Haskel is the son of Vera H. Berry, and her will designates him as the first named executor of the estate. The probate court scheduled a hearing for September 22, 2006, to determine whether to probate the will. On September 1, 2006, the Berrys, who are also Vera H. Berry's children and Haskel's siblings, petitioned for the removal of the administration of the estate from the probate court to the Cullman Circuit Court. On September 12, Judge Hardeman granted the Berrys' petition and removed this action from the *Page 885 
probate court to the Cullman Circuit Court.
The Berrys subsequently moved the circuit court to appoint Chester Elton Berry the executor and personal representative of the estate.[1] The circuit court denied that motion. The Berrys then moved the circuit court to dismiss the administration of the estate, arguing that the circuit court did not have jurisdiction to enter the order removing the administration of the estate from the probate court to the circuit court.
The circuit court denied the Berrys' motion to dismiss the administration of the estate. The Berrys moved the circuit court to alter, amend, or vacate its denial of the motion to dismiss, and the circuit court denied that motion. On October 19, 2007, the Berrys petitioned the Court of Civil Appeals for mandamus relief. The petition was transferred to this Court because the Court of Civil Appeals did not have subject-matter jurisdiction over the action.
 Standard of Review "`A writ of mandamus is an extraordinary remedy, and it "will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court."'"
Ex parte Monsanto Co., 862 So.2d 595, 604 (Ala. 2003) (quoting Ex parte Butts, lib So.2d 173, 176 (Ala. 2000), quoting in turn Ex parte United Serv. Stations,Inc., 628 So.2d 501, 503 (Ala. 1993)). "[T]he question of subject matter jurisdiction is reviewable by a petition for a writ of mandamus." Ex parte Johnson, 715 So.2d 783,785 (Ala. 1998). "Although this Court reviews a mandamus petition to determine whether the trial court exceeded its discretion, this Court reviews issues of law de novo." Exparte Terry, 957 So.2d 455, 457 (Ala. 2006). A claim that a circuit court lacked subject-matter jurisdiction to rule on a removal petition is a question of law. Ex parte Terry,957 So.2d at 457.
 Analysis
The Berrys argue that the administration of the estate had not yet begun in the probate court and that a circuit court cannot assume jurisdiction over the administration of an estate that has not yet begun. In Ex parte Smith, 619 So.2d 1374,1375-76 (Ala. 1993), this Court recognized that under § 12-11-41, Ala. Code 1975, [2] a "circuit court cannot assume jurisdiction over the administration of an estate when the administration has not yet begun." In Ex parte Smith, this Court further recognized that under § 12-13-1, Ala. Code 1975, [3] a circuit court is not empowered to "initiate the administration of an estate, because the initiation of administration is a matter *Page 886 
exclusively in the jurisdiction of the probate court."619 So.2d at 1376. Therefore, in order to determine whether the Berrys are entitled to the mandamus relief they seek, we must determine whether the probate court had initiated the administration of the estate before the Berrys filed the petition for removal.
This Court stated in Ex parte Smith that "the mere filing of a petition for the administration of an estate does not in itself begin the administration; rather, the probate court must act upon the petition and thereby activate the proceedings, which may thereafter be subject to removal to the circuit court." 619 So.2d at 1376. We determined that mandamus relief was appropriate in Ex parte Smith because "the probate court had taken no action whatever on Smith's petition; therefore, the administration of [the] estate did not begin and [the] petition for removal was premature." 619 So.2d at 1376.
The Berrys contend that, in this case, the removal of the administration of the estate from the probate court to the circuit court was similarly premature because "[they] filed the Petition for the Removal of the Administration of the Estate of Vera H. Berry prior to the Probate Court's beginning the administration of the Estate by issuing letters testamentary or appointing anyone as the executor or personal representative of the Estate." Berrys' petition at 6. Therefore, the Berrys argue, Ex parte Smith is controlling and they are entitled to mandamus relief. Haskel argues, however, thatEx parte Smith is distinguishable from this case because, he says, the probate court in this case had acted upon the petition and had initiated the administration of the estate by scheduling a hearing to determine whether to probate the will. Although Haskel does point out a difference between this case and Ex parte Smith, we are not persuaded that that difference legally distinguishes Ex parte Smith.
As we noted, this Court in Ex parte Smith held that removal of the will proceeding from the probate court to the circuit court was premature because the probate court had not initiated the administration of the estate by acting on the petition. Specifically, this Court highlighted the fact that the will proceeding was removed to the circuit court "[b]efore the probate court had made any rulings" on the matter regarding the probate of the will or the administration of the estate.Ex parte Smith, 619 So.2d at 1375. In this case, the probate court scheduled a hearing to consider Haskel's petition to probate the will; however, it took no action. See Exparte Coffee County Dep't of Human Res., 771 So.2d 485
(Ala.Civ.App. 1996) (holding that the appointment of a guardian ad litem and the scheduling of a hearing to appoint a conservator did not warrant removing the conservatorship proceeding from the probate court to the circuit court). Because the scheduling of a hearing, without further action, does not indicate that the probate court began the administration of the estate, we conclude that the Berrys have demonstrated a clear legal right to the relief sought. SeeEx parte Monsanto Co., supra.
Haskel argues that the Berrys are not entitled to mandamus relief because, he argues, they have another adequate remedy *Page 887 
in that they could appeal the circuit court's order removing the administration of the estate from the probate court to the circuit court. In support of his argument, Haskel cites Ex parte Terry, in which this Court stated that the administrator of the estate was not entitled to mandamus relief because "the administrator may appeal the order of the circuit court." 957 So.2d at 459. In Ex parte Terry, the circuit court had a duty to grant the removal petition, but it did not do so. In the case before us today, on the other hand, the circuit court did not improperly deny the removal petition; instead, it improperly granted it in a case where the probate court had not yet begun the administration of the estate.
The present case reaches this Court in a fundamentally different posture than did Ex parte Terry. In this case, because the circuit court granted the removal petition, and not as in Ex parte Terry effectively denied it, the case remains pending in the circuit court. The Ex parteTerry opinion supported its statement that "the administrator may appeal the order of the circuit court" with a citation to Ex parte Kelly, 243 Ala. 184, 8 So.2d 855
(1942), and the statement in that case that "`[t]he effect of the decree appealed from — remanding the administration of the estate to the probate court" was to put this branch of the case out of the circuit court, and was such final decree as will support the appeal.'" Ex parte Terry,957 So.2d at 459 (quoting Ex parte Kelly, 243 Ala. at 187,8 So.2d at 857). In contrast to the circumstances contemplated inEx parte Terry, [4] there is here no "final decree [such] as will support [an] appeal"; therefore, a petition for the writ of mandamus is appropriate. See Smith v.Smith, 248 Ala. 49, 52-53, 26 So.2d 571, 573 (1946) ("The case comes here by appeal with alternate petition for writ of mandamus to be directed to the circuit judge to vacate and annul the order of removal [from the probate court]. The order is not appealable so the appeal will be dismissed. Mandamus, however, is the proper remedy. . . ." (citing Ex parteChapman, 225 Ala. 168, 171, 142 So. 540, 543 (1932) ("Inasmuch as the petitioner . . . could not appeal from the said order of the circuit judge [transferring the guardianship from the probate court to the circuit court], her only proper remedy was and is by mandamus."))). Therefore, we are not persuaded by Haskel's argument that the Berrys have an adequate alternative remedy in an appeal.
Haskel finally argues that the Berrys have "waived any objection to jurisdiction of the Circuit Court by their participation and should be estopped from now denying jurisdiction simply due to receiving an unfavorable ruling." Haskel's response at 10. Haskel's argument that the Berrys' participation in the proceedings in the circuit court works a waiver of any challenge by the Berrys to the circuit court's exercise of jurisdiction appears to confuse the jurisdictional discussion in Ex parte Smith.
In stating in Ex parte Smith that "[t]he circuit court cannot assume jurisdiction over the administration of an estate when the administration has not yet begun,"619 So.2d at 1375-76, this Court was referring to subject-matter jurisdiction. "Subject matter jurisdiction concerns a court's power to decide certain types of cases." Ex parteSeymour, 946 So.2d 536, 538 (Ala. 2006). Our decision inEx parte *Page 888 Smith relied on § 12-13-1, Ala. Code 1975, which grants probate courts "original and general jurisdiction" over all matters enumerated in that statute, including the probate of wills and disputes over the right of executorship and administration. "Lack of subject matter jurisdiction may not be waived by the parties and it is the duty of an appellate court to consider lack of subject matter jurisdiction exmero motu." Ex parte Smith, 438 So.2d 766, 768 (Ala. 1983) (citing City of Huntsville v. Miller, 271 Ala. 687,688, 127 So.2d 606, 608 (1958)). Therefore, we reject Haskel's argument that the Berrys have waived any objection to the circuit court's exercise of jurisdiction over this case.
 Conclusion
We hold that the circuit court lacked jurisdiction over the administration of the estate. The Berrys have demonstrated (1) that they have a clear legal right to an order directing the circuit court to dismiss the administration of the estate, (2) that the circuit court should have granted their motion to dismiss and did not, (3) that they do not have another adequate remedy, and (4) that jurisdiction in this Court is proper.Ex parte Monsanto Co., supra. Therefore, we grant the Berrys' petition and issue the writ of mandamus directing the circuit court to dismiss the administration of the estate.[5]
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
[1] Vera H. Berry's will designates Chester Elton Berry as the alternative executor of her estate in the event that Haskel is unable, is unwilling, or ceases to act as the executor of the estate.
[2] Section 12-11-41, Ala. Code 1975, provides:
 "The administration of any estate may be removed from the probate court to the circuit court at any time before a final settlement thereof, by any heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed of any such estate, without assigning any special equity; and an order of removal must be made by the court, upon the filing of a sworn petition by any such heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed of any such estate, reciting that the petitioner is such heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed and that, in the opinion of the petitioner, such estate can be better administered in the circuit court than in the probate court.
[3] Section 12-13-1, Ala. Code 1975, provides, in pertinent part:
 "(a) The probate court shall have original and general jurisdiction as to all matters mentioned in this section. . . .
 "(b) The probate court shall have original and general jurisdiction over the following matters:
 "(1) The probate of wills.
 "(2) The granting of letters testamentary and of administration and the repeal or revocation of the same.
 "(3) All controversies in relation' to the right of executorship or administration.
 ". . . ."
[4] The administrator had moved the circuit court to vacate its original order denying the petition to remove the case from the probate court. The circuit court was holding that motion in abeyance during this Court's review of the administrator's mandamus petition and the quoted statement was made in contemplation of a denial of that pending motion after this Court's decision on the mandamus petition. Ex parteTerry, 957 So.2d at 459.
[5] Because we grant the petition and issue the writ of mandamus, we do not reach the Berrys' argument that they are entitled to mandamus relief directing the circuit court to appoint Chester Elton Berry as the executor and personal representative of the estate.