BOLIN, Justice.
Ruth Mary Higgins Baker (“Ruth”) petitioned this Court for a writ of certiorari to review the Court of Civil Appeals’ affir-mance, without an opinion, of the judgment of the Chilton Circuit Court denying Ruth’s petition seeking to be appointed the personal representative of the estate of her mother Ruth G. Higgins, deceased. Balter v. Estate of Higgins (No. 2130240, February 21, 2014), 177 So.3d 483 (Ala.Civ.App.2014) (table). We granted certiorari review to determine whether the Court of Civil Appeals erred in affirming the circuit court’s judgment and, specifically, whether the circuit court had obtained jurisdiction over Higgins’s estate.

Facts and Procedural History

Ruth G. Higgins (“Higgins”) died testate on February 1, 2012. She was survived by two daughters — Ruth Mary Higgins Baker and Sallie Juliet Higgins. On April 4, 2012, Christopher G. Speaks, Higgins’s nephew and the named personal representative in Higgins’s will, petitioned the Probate Court of Chilton County to admit Higgins’s will to probate. Subsequently, on April 27, 2012, Speaks filed in the probate court his “Notice to Decline Appointment as Personal Representative” stating that he was declining to serve as the personal representative of Higgins’s estate; William Frances Speaks, Jr., the alternate personal representative named in Higgins’s will, also declined to serve. On April 27, 2012, the probate court entered an order admitting Higgins’s will to probate.
On May 1, 2012, Linda L. Huebner[1] petitioned the probate court for letters of administration ad colligendum of Higgins’s estate, alleging that Higgins had died “seized and possessed of certain personal estate ... which may be collected and preserved for those who shall appear to have a legal interest therein.” The probate court entered an order on that same date granting Huebner letters of administration ad colligendum of Higgins’s estate.
On May 31, 2012, Ruth petitioned the probate court for appointment as administrator with the will annexed of Hig *141 gins’s estate and for letters of administration cum testamento annexo (hereinafter referred to as “C.T.A”).[2] Ruth alleged in her petition that the named personal representatives in Higgins’s will declined to accept their appointment as personal representative; that the probate court had appointed Huebner as administrator ad colligendum; that the authority of the administrator ad colligendum to act on behalf of the estate is limited and the administrator ad colligendum is without the authority to administer the estate as one to whom letters of administration C.T.A. are issued; that there had been no issuance of letters of administration C.T.A.; and that Ruth was entitled to serve as the administrator with the will annexed of Higgins’s estate pursuant to § 43-2-42(a)(2), Ala.Code 1975.
On June 20, 2012, following a hearing, the probate court entered an order denying Ruth’s petition for appointment as the administrator with the will annexed for Higgins’s estate and dismissing the petition for letters of administration C.T.A. The probate court also confirmed in that order that Huebner would continue to serve as administrator ad colligendum of Higgins’s estate.
On August 6, 2012, Ruth petitioned the Chilton Circuit Court to remove the “administration” of Higgins’s estate from the probate court to the circuit court. On August 8, 2012, the circuit court entered an order purporting to remove the administration of Higgins’s estate from the probate court to the circuit court.
On September 19, 2012, Ruth petitioned the circuit court for appointment as administrator of Higgins’s estate and for issuance of letters of administration C.T.A., alleging the same grounds for appointment and issuance of letters of administration she had alleged in the probate court. On January 3, 2013, Sallie filed an answer to Ruth’s petition for appointment as administrator of Higgins’s estate and issuance of letters of administration C.T.A. Following an ore tenus proceeding, the circuit court, on August 29, 2013, entered an order denying Ruth’s petition for appointment as administrator of Higgins’s estate and for issuance of letters of administration C.T.A. Additionally, the circuit court appointed Huebner as the administrator with the will annexed of Higgins’s estate and ordered the issuance of letters of administration C.T.A. Ruth appealed the circuit court’s judgment to the Court of Civil Appeals. The Court of Civil Appeals affirmed the circuit court’s judgment, without opinion. Baker, supra. This-Court granted Ruth’s petition for a writ of certiorari to determine whether the circuit court had obtained jurisdiction over Higgins’s estate. We reverse and remand.

Discussion

The facts of this case present a jurisdictional issue that is dispositive of its *142 outcome. Although neither party has raised or argued the jurisdictional issue, it is well settled that this Court may take notice of jurisdictional matters at any time and may even do so ex mero motu. Thomas v. Merritt, 167 So.3d 283 (Ala.2013).
In DuBose v. Weaver, 68 So.3d 814, 821 (Ala.2011), this Court explained the initiation of the administration of an estate in the context of subject-matter jurisdiction as follows:
“In • regard to the administration ■ of estates, the probate court is a court of general and original jurisdiction. See Ala. Const.1901, § 144; Ala.Code 1976, § 12-13-l(b). The circuit court can obtain jurisdiction over a pending administration of an estate only by removing the administration from the probate court to the circuit court pursuant to Ala.Code 1976, § 12-11-41; see Ex parte Terry, 957 So.2d 455, 457-58 (Ala.2006); Ex parte McLendon, 824 So.2d 700, 704 (Ala.2001). Section 12-11-41 provides:
‘“The administration of any estate may. be removed from the probate court to the circuit court at any time before a final settlement thereof, by any heir, devisee,..legatee, distributee, executor, administrator or administrator with the will annexed of any such estate, without assigning any special equity; and an order of removal must be made by the court, upon the filing of a sworn petition by any such heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed of any such estate, reciting that the petitioner is such heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed and that, in the opinion of the petitioner, such estate can be better administered in the circuit court than in the probate court.’
“In Ex parte Smith, 619 So.2d 1374, 1376 (Ala.1993), this Court stated that ‘[t]he circuit- court cannot initiate the administration of an estate, because the initiation of administration is a matter exclusively in the jurisdiction of the probate court.’ As this Court more recently explained in Ex parte Berry, 999 So.2d 883 (Ala.2008):
“ ‘In stating in Ex parte Smith that “[t]he circuit court cannot assume jurisdiction over the administration of an estate when the administration has not yet begun,” 619 So.2d at 1375-76, this Court was referring to subject-matter jurisdiction. “Subject matter jurisdiction concerns a court’s power to decide certain types of cases.” Ex parte Seymour, 946 So.2d 536, 538 (Ala.2006). Our decision in Ex parte Smith relied on § 12-13-1, Ala.Code 1975, which grants probate courts “original and general jurisdiction” over all matters enumerated in.that statute, including the probate of wills and disputes , oyer the right of execu-torship and administration.’
“999 So.2d at 887-88 (emphasis omitted).
“Further, the administration of an estate does not begin merely upon the filing in the probate court of a petition for letters of administration or of a petition for probate of a will and for letters testamentary. As to the former, this Court has recognized that ‘the mere, filing of a petition for the administration of an estate does not in itself begin the administration; rather, the probate court must act upon the petition and thereby activate the proceedings, which may thereafter be subject to removal to the circuit court.’ Ex parte Smith, 619 So.2d at 1376; see also, e.g., Allen v. Estate of Juddine, 60 So.3d 852, 855 (Ala.2010) (‘The administration of the estate was initiated by the probate court when it granted Willie Jr. , letters of ad *143 ministration.’); Ex parte Berry, 999 So.2d at 886 (‘[T]his Court .in Ex parte Smith [, 619 So.2d 1374 (Ala.1993),] held that removal of the will proceeding from the probate court to the circuit court was premature because the probate court had not initiated the administration of the estate by acting on the petition.’); and Ex parte Kelly, 243 Ala. 184, 187, 8 So.2d 855, 857 (1942). As to the latter, this Court has noted that, where no letters of general administration have issued from the probate court and where the decedent’s will has not yet been admitted to probate, the circuit court ‘is without jurisdiction to make,an order’ removing the administration of the estate from the probate court to the circuit court. Ex parte Pettus, 245 Ala. 349, 351, 17 So.2d 409, 410-11 (1944).”
(Final emphasis, including double emphasis on “general,” added.)
It appears from the record that no administrator with the will annexed of Higgins’s estate was appointed, nor were letters of general administration C.T.A. issued by the probate court, before the estate was removed to the circuit eourt. Although the probate court did appoint an administrator ad colligendum, this was a special administrator, with statutorily limited duties, and her appointment was insufficient to initiate the general administration of the estate. . Section 43-2-47, Ala.Code 1975, provides:
“(a) The judge of probate may, in any. contest respecting the validity of a will, or for the purpose of collecting the goods of a deceased, or in any other case in which it is necessary, appoint a special administrator, authorizing the collection and preservation by him of the goods of the deceased until letters testamentary or of administration have been duly issued.
“(b) Every such special administrator has authority .to collect the goods and chattels of the estate and debts of the deceased, to give receipts for moneys collected, to satisfy liens and mortgages paid to him and to secure and preserve such goods and chattels at such expense as may be deemed reasonable by the probate court; and for such purposes, he may maintain civil actions as administrator.
“(c) Such special administrator may also, under the direction of the probate court, sell such goods afe are perishable or wasting, after'the same have' been appraised, upon such notice as the judge of probate may prescribe.
“(d) Upon the grant of letters testar mentary or of administration, the authority of such special administrator ceases, and on demand he must deliver to the rightful executor or administrator all the assets of the deceased which may be iii his hands and render an account on oath of all his proceedings to the probate court.”
(Emphasis added.) Thus, a special administrator ad colligendum is appointed at the discretion of the probate court for the specific purpose of collecting and preserving the assets of the estate when necessary, i.e., when no full-blown general administration of an estate has been ordered and no personal representative has been appointed. See Smith v. Snider, 497 So.2d 484 (Ala.1986). The special administrator ad colligendum is not a personal represen* tative of an estate and has Only limited authority, because he or she may take no action with regard to any estate matters other than what is permitted by § 43-2-47. Smith, supra.' The special adminis* trator ad colligendum has no authority to deal with the duties and obligations of the administration of an estate , and acts only as an officer or agent of the probate court *144 for the purpose of collecting and preserving the assets of the decedent until proper letters testamentary or of administration are granted and the administration of the estate is initiated. DuBose, supra, Smith, supra. See also Arnold v. Garrison, 255 Ala. 11, 49 So.2d 787 (1950) (holding that the special administrator ad colligendum is merely an officer or agent of the probate court). The authority of the special administrator ad colligendum ends upon the issuance of letters testamentary or administration. § 43-2-47(d), Ala.Code 1975. Because the probate proceeding was purportedly removed from the probate court to the circuit court before the initiation of the administration of Higgins’s estate by the probate court’s appointment of a personal representative and the grant of letters of administration C.T.A. to the appointed personal representative, the circuit court did not obtain proper jurisdiction of the matter. Thus, the circuit court’s orders removing the matter from the probate court and subsequently denying Ruth’s petition and appointing Huebner as administrator were void and must be vacated. State of Alabama Banking Dep’t v. Taylor, 40 So.3d 669 (Ala.2009). Because a void judgment will not support an appeal, the Court of Civil Appeals lacked the jurisdiction to consider the matter. Taylor, supra.

Conclusion

We reverse the judgment of the Court of Civil Appeals and remand the case for that court to dismiss the appeal and to instruct the circuit court to vacate its orders removing the matter from the probate court, denying Ruth’s petition for appointment as the administrator with the will annexed of Higgins’s estate, and appointing Huebner instead, and issuing letters of administration C.T.A.
REVERSED AND REMANDED WITH INSTRUCTIONS.
STUART, PARKER, SHAW, MAIN, and BRYAN, JJ., concur.
MOORE, C.J., and MURDOCK, J., dissent.

. It appears from the record that Huebner, a lawyer who practices in Chilton County, is unrelated to Higgins.

. Section 43-2-27, Ala.Code 1975, provides, in part:
"If no person is named in the will as executor, or if named executors, one or more, all renounce or fail to apply within 30 days after probate or are unfit persons to serve, the residuary legatee, or if he fails to apply within such time, refuses to accept or is unfit to serve, then the principal legatee, is entitled to letters of administration, with the will annexed."
Letters of administration, as opposed to letters testamentary, are issued pursuant to the above section, because the appointment of the personal representative is made pursuant to a statutory provision, rather than a testamentary nomination and appointment made by the decedent in a will, The words of limitation to the letters of administration, i.e., "with the will annexed” or its Latin counterpart "cum testamento annexo” give notice to persons dealing with the personal representative that the administration of that estate is guided by the provisions of a will rather than by the many statutory provisions that govern an intestate estate.