BRYAN, Justice.
Tomeka McElroy and Marlon McElroy (hereinafter referred to collectively as "the appellants") appeal from a judgment of the Jefferson Circuit Court ("the circuit court") denying their will contest. For the reasons set forth herein, we dismiss the appeal.
Procedural History
On April 14, 2010, Tracy McElroy filed a petition to probate the will of Clifton McElroy, Jr., in the Jefferson Probate Court ("the probate court"). The petition stated that Clifton died on April 11, 2010, and that Clifton's will, which was attached to the petition and which named Tracy as the executrix, was self-proving in accordance with the requirements of § 43-8-132, Ala. Code 1975. On the same day, the probate court admitted the will to probate and issued letters testamentary to Tracy.
On September 16, 2010, the appellants filed a will contest in the probate court, alleging that Clifton's signature on the will was forged and that, therefore, the will was not properly executed.[1] The appellants, *874 who were both Clifton's heirs and beneficiaries under his will, demanded that their will contest be transferred to the circuit court pursuant to § 43-8-198, Ala. Code 1975, which provides for the transfer of a will contest by the probate court to the circuit court, or that the administration of the estate, including the will contest, be removed to the circuit court pursuant to § 12-11-41, Ala. Code 1975, because, they said, the estate could be better administered in the circuit court.
Tracy filed a motion to dismiss the will contest, arguing that, because the will had already been admitted to probate, the will contest could not be filed pursuant to § 43-8-190, Ala. Code 1975, and that the only other provision for filing a will contest, § 43-8-199, Ala. Code 1975, required the appellants to file the will contest in the circuit court. Tracy also moved to dismiss the appellants' "petition to remove" the administration of the estate to the circuit court pursuant to § 12-11-41.
The appellants argued that the will contest was properly filed in the probate court because a local act applicable to Jefferson County gave probate courts concurrent jurisdiction with circuit courts to decide will contests. Specifically, Act No. 1144, Ala. Acts 1971, provides that the probate court has "general jurisdiction concurrent with that of the Circuit Courts of this State, in equity, in the administration of the estates of deceased persons." Thus, they argued, because the probate court shared concurrent equitable estate jurisdiction with the circuit court, the probate court had jurisdiction to consider their will contest pursuant to § 43-8-199 and Act No. 1144. They also argued that the circuit court could have jurisdiction over their will contest pursuant to § 12-11-41, which allows for the removal of the administration of an estate from probate court to the circuit court "at any time before a final settlement thereof."
On November 30, 2010, the appellants filed in the probate court a notice of withdrawal of their petition to remove the administration of Clifton's estate from the probate court to the circuit court. In the notice, the appellants specifically asked the probate court to maintain jurisdiction of the will contest. However, on December 14, 2010, the probate court entered an order purporting to remove the administration of Clifton's estate to the circuit court pursuant to § 12-11-41. The probate-court record was certified by the probate court and was filed in the circuit court on June 21, 2012.[2] There is nothing in the record before this Court indicating that the circuit court entered an order removing the administration of the estate from the probate court.[3]
After discovery delays, multiple continuances, and a failed summary-judgment motion filed by the appellants, the circuit court conducted a bench trial on the will contest over three days in December 2016. On December 29, 2016, the circuit court entered a judgment finding that Clifton's will did not meet the requirements of a self-proving will pursuant to § 43-8-132 but that the will was properly executed *875 and, therefore, valid, pursuant to § 43-8-131, Ala. Code 1975. In that judgment, the circuit court, discussing its jurisdiction, stated that "the Probate Court of Jefferson County removed the administration of the Estate of Clifton McElroy, Jr. to the Circuit Court of Jefferson County pursuant to ... § 12-11-41" and that, "[a]fter the Probate Court of Jefferson County removed the administration of the [e]state ... to the Circuit Court of Jefferson County, the Circuit Court ordered the Jefferson County Probate Court to send the certified record (which included the will contest) and documents to the Jefferson Circuit Court." (Emphasis added.) The appellants timely appealed.
Jurisdiction
Although neither party raises a question before this Court regarding the circuit court's subject-matter jurisdiction to consider the appellants' will contest, the absence of subject-matter jurisdiction cannot be waived, and it is the duty of an appellate court to notice the absence of subject-matter jurisdiction ex mero motu. See MPQ, Inc. v. Birmingham Realty Co., 78 So.3d 391, 393 (Ala. 2011). If the circuit court's jurisdiction to consider the will contest was never properly invoked, then the judgment entered on December 29, 2016, is void and would not support an appeal. MPQ, 78 So.3d at 394 ('' 'A judgment entered by a court lacking subject-matter jurisdiction is absolutely void and will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment.' " (quoting Vann v. Cook, 989 So.2d 556, 559 (Ala. Civ. App. 2008) )).
"The jurisdiction of both the probate court and the circuit court over will contests is statutory and limited. Ex parte Stephens, 259 Ala. 361, 66 So.2d 901 (1953). The only jurisdiction a court can take over such cases is that granted by statute. A court cannot depart from the procedures delineated in the statute and still retain jurisdiction."
Kaller v. Rigdon, 480 So.2d 536, 539 (Ala. 1985).
Before both the probate court and the circuit court, Tracy maintained that the will contest was improperly filed because the appellants filed the contest in the probate court after the will had been admitted for probate.
"Alabama law pertaining to will contests is well settled and long-standing:
" 'In Alabama a will may be contested in two ways: (1) under § 43-8-190..., before probate, a contest may be instituted in the probate court or (2) under § 43-8-199..., after probate and within six months thereof, a contest may be instituted by filing a complaint in the circuit court of the county in which the will was probated.' "
Ex parte Floyd, 105 So.3d 1193, 1195 (Ala. 2012) (quoting Stevens v. Gary, 565 So.2d 73, 74 (Ala. 1990) (emphasis added)).
It is undisputed that Clifton's will was admitted for probate on April 14, 2010, approximately five months before the appellants filed their will contest in the probate court. Accordingly, the will contest could not have been filed pursuant to § 43-8-190. In most circumstances, the will contest in this case would have also been improperly filed pursuant to § 43-8-199 because, although it was filed within six months after the will was admitted for probate, the appellants filed the contest in the probate court rather than the circuit court. See Bond v. Pylant, 3 So.3d 852 (Ala. 2008) (holding that a will contest filed in the probate court after the will was admitted for probate was a nullity and stating that, pursuant to § 43-8-199, the contest should have been filed in the circuit court within six months of the admission of the will to probate). However, in *876 this case, the will contest was properly filed in the probate court pursuant to § 43-8-199 because the probate court, which lies in Jefferson County, has concurrent equity jurisdiction over estates with the circuit court pursuant to Act No. 1144, § 1. In nearly identical circumstances, this Court has held that the Mobile Probate Court, which also shares general equity jurisdiction concurrent with that of the circuit courts of this State in the administration of the estates of deceased persons, see Act No. 974, Ala. Acts 1961, had jurisdiction to consider a will contest filed after the will was admitted for probate based on the concurrent jurisdiction imparted to the probate court by Act No. 974. See Coleman v. Richardson, 421 So.2d 113 (Ala. 1982) (analyzing former § 43-1-79, Ala. Code 1975, which is now codified at § 43-8-199, and holding that the probate court had jurisdiction over the will contest even though it was filed in the probate court after the will was admitted for probate based on the conference of concurrent equity jurisdiction by Act No. 974). Accordingly, we conclude that the probate court had jurisdiction over the appellants' will contest at the time it was filed. See Daniel v. Moye, 224 So.3d 115, 131 n.9 (Ala. 2016) (noting that "there are currently four counties in Alabama-Mobile, Jefferson, Shelby, and Pickens-in which the probate courts have been vested with concurrent equitable estate jurisdiction with the circuit court to try will contests after a will has been admitted to probate" (emphasis added)).
When they filed their will contest, the appellants moved the probate court to transfer the contest to the circuit court pursuant to § 43-8-198 or to remove the administration of the estate, including the will contest, to the circuit court pursuant to § 12-11-41. See generally Ex parte Clayton, 514 So.2d 1013, 1017 (Ala. 1987) ("Administration of the estate is a broad concept involving all matters necessary to reach a final settlement of the estate.... When the administration of the estate is removed, all aspects of the administration must be removed."). The record indicates that the appellants subsequently withdrew their request to have the will contest transferred to the circuit court or the administration of the estate removed to the circuit court; nevertheless, the probate court entered an "Order of Removal," citing § 12-11-41, stating that "the administration of the estate is hereby removed to the Circuit Court of Jefferson County." (Emphasis added.)[4]
The probate court's "Order of Removal" was ineffective to invoke the circuit court's jurisdiction over the administration of the estate. In DuBose v. Weaver, 68 So.3d 814 (Ala. 2011), this Court held that "the filing of a petition for removal in the circuit court and the entry of an order of removal by that court are prerequisites to that court's acquisition of jurisdiction over the administration of the estate pursuant to § 12-11-41." 68 So.3d at 822 (some emphasis added). The Court in DuBose further noted that "the probate court does not have authority to transfer the administration of an estate to the circuit court; the authority to remove the administration of an estate from the probate court to the circuit court resides in the circuit court." 68 So.3d at 817 n.4. In the present case, *877 there is no indication that any party filed a petition for removal in the circuit court or that the circuit court ever entered an order removing the administration of the estate from the probate court. Under the circumstances of this case, the removal of the administration of the estate was the only ostensible basis the circuit court had for exercising jurisdiction over the appellants' will contest. Accordingly, because the administration of the estate was not properly removed to the circuit court, the circuit never acquired subject-matter jurisdiction over the administration of the estate or the pending will contest.
The procedure for removing a case from the probate court to the circuit court pursuant to § 12-11-41 is not altered in any way by the fact that the probate court in this case had concurrent equitable estate jurisdiction with the circuit court pursuant to Act No. 1144. Section 6 of Act No. 1144 provides, in pertinent part:
"The jurisdiction conferred by this act on the Probate Courts and the Probate Judges of such counties is intended to be cumulative only, and it is not intended hereby to in any manner limit or restrict the present jurisdiction of the Circuit Courts or the Probate Courts of such counties, including, without limitation, the right to appeal from orders, judgments and decrees of the Probate Judges of such counties in the manner as now provided by law. Nothing in this act shall be construed as prohibiting or as creating any conditions to the removal of any estates, or the administration of any estates, from the Probate Court to the Circuit Court, in equity, as is now provided by law."
In Ex parte Clayton, supra, this Court, interpreting § 6 of Act No. 1144, stated that, "[t]hough the local act confers equity jurisdiction on the probate court, § 6 of the local act makes it evident that powers granted to the court pursuant to the local act in no way affect the rights and conditions for removal under the general statute." 514 So.2d at 1015-16. In that case, the Court held that the administratrix of an estate had the right to seek, and the circuit court had authority to order, the removal of the administration of an estate after the Jefferson Probate Court had invoked its concurrent equity estate jurisdiction to consider a breach-of-warranty claim against the estate and a claim against the administratrix individually.
Generally, "[o]nce the administration and settlement of an estate are removed from the probate court, the probate court loses jurisdiction over the estate, and the circuit court obtains and maintains jurisdiction until the final settlement of the case." Oliver v. Johnson, 583 So.2d 1331, 1332 (Ala. 1991). However, in this case, the administration of Clifton's estate was not properly removed from the probate court; therefore, the circuit court never obtained jurisdiction over the administration of Clifton's estate. Thus, the circuit court did not have subject-matter jurisdiction to consider the will contest, and the judgment entered by the circuit court on the will contest is void. Accordingly, the appeal is due to be dismissed. MPQ, 78 So.3d at 394.
Conclusion
The judgment of the circuit court is void and the appeal, therefore, is dismissed.
APPEAL DISMISSED.
Stuart, C.J., and Bolin, Murdock, and Main, JJ., concur.

Some parts of the record indicate that the will contest was filed on September 15, 2010.

The probate court included a cover page on its certified record that listed each document included in the certified record. The cover page also states: "In compliance with an Order of the Circuit Court, I hereby certify that the following are all the papers on file and of record in the matter of the Estate of Clifton McElroy, Jr., deceased." However, there is no order of the circuit court in the record on appeal asking the probate court to certify its record from the proceedings in the probate court.

The first order entered by the circuit court is dated September 12, 2012, and it set the case for a status conference on October 10, 2012.

We make no determination regarding whether the will contest could have been properly transferred to the circuit court pursuant to § 43-8-198 at the time the appellants requested such a transfer. See generally Bond, 3 So.3d at 854 (holding that § 43-8-198 must be read in conjunction with § 43-8-190 ). Regardless, the probate court's "Order of Removal" simply cannot be read as an attempt to transfer only the will contest to the circuit court pursuant to § 43-8-198.