BRYAN, Justice.
Beverly Burns, Michael Ashley, and Debbie Elrod (hereinafter collectively referred to as "the appellants") appeal from a judgment of the Etowah Circuit Court ("the circuit court") denying the appellants' will contest, admitting to probate the will of Rheba Sue Ashley ("Rheba"), and *972 issuing letters testamentary to James Wayne Ashley ("James"). For the reasons set forth herein, the circuit court's judgment is void for lack of jurisdiction, and the appeal must therefore be dismissed.
Facts and Procedural History
On February 15, 2015, Rheba died testate, survived by her five children: the appellants, James, and Joe Keith Ashley. On April 22, 2015, James petitioned the Etowah Probate Court ("the probate court") for probate of a will executed by Rheba in 2014, which provides that the appellants are each to receive $10 from Rheba's estate and that James is to receive the remainder of Rheba's estate, and for letters of administration with the will annexed.[1] The probate court did not admit the will to probate or appoint a personal representative of Rheba's estate.[2]
On June 10, 2015, the appellants filed in the probate court a "Complaint Contesting Will" in which they alleged that Rheba had executed a prior will before she executed the 2014 will; that they were beneficiaries under the prior will; and that James used undue influence to procure Rheba's execution of the 2014 will. Simultaneously, the appellants filed in the probate court a petition to transfer the will contest to the circuit court pursuant to § 43-8-198, Ala. Code 1975. However, the probate court did not enter an order transferring the will contest to the circuit court.
On July 15, 2015, the parties filed in the probate court a joint motion seeking the appointment of Jonathan Welch as special administrator ad colligendum until the probate court appointed a personal representative of Rheba's estate. See § 43-2-47, Ala. Code 1975. That same day, the probate court granted the parties' motion and issued Welch letters of administration ad colligendum, which authorized Welch to collect and to preserve the assets of Rheba's estate until the probate court appointed a personal representative of the estate, at which time Welch's authority as special administrator ad colligendum would terminate. See § 43-2-47(d).
On August 18, 2015, the appellants filed in the circuit court a petition for the removal of the administration of Rheba's estate from the probate court, see § 12-11-41, Ala. Code 1975, and, on November 5, 2015, the circuit court entered an order to that effect. The circuit court subsequently held an evidentiary hearing and, on February 13, 2018, entered a judgment denying the will contest, admitting Rheba's 2014 will to probate, and issuing letters testamentary to James. The appellants filed a motion to alter, amend, or vacate the February 13, 2018, judgment, and the circuit court subsequently modified its judgment with respect to one evidentiary finding. However, the circuit court's modified evidentiary finding did not alter its original rulings denying the will contest, admitting Rheba's 2014 will to probate, and issuing letters testamentary to James.[3] The appellants timely appealed.
*973 Discussion
"Although neither party raises a question before this Court regarding the circuit court's subject-matter jurisdiction to consider the appellants' will contest, the absence of subject-matter jurisdiction cannot be waived, and it is the duty of an appellate court to notice the absence of subject-matter jurisdiction ex mero motu. See MPQ, Inc. v. Birmingham Realty Co., 78 So.3d 391, 393 (Ala. 2011). If the circuit court's jurisdiction to consider the will contest was never properly invoked, then the judgment entered on [February 13, 2018], is void and [will] not support an appeal. MPQ, 78 So.3d at 394 (' "A judgment entered by a court lacking subject-matter jurisdiction is absolutely void and will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment." ' (quoting Vann v. Cook, 989 So.2d 556, 559 (Ala. Civ. App. 2008) ) )."
McElroy v. McElroy, 254 So. 3d 872, 875 (Ala. 2017).
" 'In Alabama, a will may be contested in two ways: (1) under § 43-8-190, Ala. Code 1975, before probate, the contest may be instituted in the probate court or (2) under § 43-8-199, Ala. Code 1975, after probate and within six months thereof, a contest may be instituted by filing a complaint in the circuit court of the county in which the will was probated.'
" Stevens v. Gary, 565 So.2d 73, 74 (Ala. 1990)."
Bond v. Pylant, 3 So.3d 852, 854 (Ala. 2008).
In this case, the probate court never admitted Rheba's will to probate. Thus, pursuant to § 43-8-190, Ala. Code 1975, the appellants properly filed their will contest in the probate court. Bond, supra. As noted, the appellants, simultaneously with the filing of their will contest, sought to transfer the will contest to the circuit court. The transfer to circuit court of a will contest pending in probate court is governed by § 43-8-198, which provides, in pertinent part:
"Upon the demand of any party to the contest, made in writing at the time of filing the initial pleading, the probate court, or the judge thereof, must enter an order transferring the contest to the circuit court of the county in which the contest is made, and must certify all papers and documents pertaining to the contest to the clerk of the circuit court ...."
(Emphasis added.)
"The jurisdiction conferred on the circuit court by this section of the Code is a statutory and limited jurisdiction. Ex parte Pearson, 241 Ala. 467, 3 So.2d 5 (1941). Because will contest jurisdiction is statutorily conferred, the procedural requirements of the applicable statute must be complied with exactly."
Kaller v. Rigdon, 480 So.2d 536, 538 (Ala. 1985) (emphasis added). See also Bullen v. Brown, 535 So.2d 76, 78 (Ala. 1988) ("It is clear that will contest jurisdiction, being statutorily conferred, must comply with the statutory language strictly in order to quicken jurisdiction of the appropriate court." (emphasis added) ); and Marshall v. Vreeland, 571 So.2d 1037, 1038 (Ala. 1990)
*974 (holding that compliance with § 43-8-198 is what gives a circuit court subject-matter jurisdiction over a will contest pending in the probate court).
Thus, a circuit court cannot assume jurisdiction over a will contest pending in probate court absent strict compliance with the procedural requirements of § 43-8-198. One of the procedural requirements of § 43-8-198 necessary to invoke a circuit court's jurisdiction over a will contest pending in probate court is that the probate court in which the will contest is pending must enter an order transferring the will contest to the circuit court; a circuit court cannot "reach down" and remove a will contest from probate court. See DuBose v. Weaver, 68 So.3d 814, 817 n. 3 (Ala. 2011) (recognizing the distinction between the authority of a probate court to transfer a pending will contest and the authority of a circuit court to remove the administration of a decedent's estate). Here, the probate court did not enter an order transferring the appellants' will contest to the circuit court, although it had an imperative duty to do so. See Ex parte McLendon, 824 So.2d 700, 705 (Ala. 2001). Thus, the procedural requirements of § 43-8-198 were not satisfied, and, as a result, the circuit court never obtained jurisdiction over the will contest. Kaller, supra ; Bullen, supra ; Marshall, supra. Accordingly, the circuit court's February 13, 2018, judgment, insofar as it denied the appellants' will contest, is void and will not support the appellants' appeal. McElroy, supra.
Consistent with our duty to notice ex mero motu the absence of subject-matter jurisdiction, McElroy, supra, we also conclude that the circuit court's November 5, 2015, order removing the administration of Rheba's estate from the probate court is void and that, as a result, the circuit court did not obtain jurisdiction over the administration of the estate.
Pursuant to § 12-11-41, Ala. Code 1975, the administration of an estate "may be removed from the probate court to the circuit court at any time before a final settlement thereof." However, a circuit court "cannot assume jurisdiction over the administration of an estate when the administration has not yet begun," and "the initiation of administration is a matter exclusively in the jurisdiction of the probate court." Ex parte Smith, 619 So.2d 1374, 1375-76 (Ala. 1993) (emphasis added). "In stating in Ex parte Smith that '[t]he circuit court cannot assume jurisdiction over the administration of an estate when the administration has not yet begun,' 619 So.2d at 1375-76, this Court was referring to subject-matter jurisdiction." Ex parte Berry, 999 So.2d 883, 887 (Ala. 2008).
Regarding when the administration of an estate begins, this Court has held that "the mere filing of a petition for the administration of an estate does not in itself begin the administration; rather, the probate court must act upon the petition and thereby activate the proceedings, which may thereafter be subject to removal to the circuit court." Ex parte Smith, 619 So.2d at 1376. In Ex parte Baker, 183 So.3d 139 (Ala. 2015), this Court discussed the duties of a special administrator ad colligendum in considering whether the Chilton Probate Court's appointment of such an administrator constituted an "act upon the petition" sufficient to initiate the administration of an estate:
"[A] special administrator ad colligendum is appointed at the discretion of the probate court for the specific purpose of collecting and preserving the assets of the estate when necessary, i.e., when no full-blown general administration of an estate has been ordered and no personal representative has been appointed. See *975 Smith v. Snider, 497 So.2d 484 (Ala. 1986). The special administrator ad colligendum is not a personal representative of an estate and has only limited authority, because he or she may take no action with regard to any estate matters other than what is permitted by § 43-2-47[, Ala. Code 1975 ]. Smith, supra. The special administrator ad colligendum has no authority to deal with the duties and obligations of the administration of an estate and acts only as an officer or agent of the probate court for the purpose of collecting and preserving the assets of the decedent until proper letters testamentary or of administration are granted and the administration of the estate is initiated. DuBose [v. Weaver, 68 So.3d 814 (Ala. 2011) ], Smith, supra. See also Arnold v. Garrison, 255 Ala. 11, 49 So.2d 787 (1950) (holding that the special administrator ad colligendum is merely an officer or agent of the probate court)."
183 So.3d at 143-44 (emphasis added).
Thus, given that a special administrator ad colligendum is not a personal representative of a decedent's estate and is vested with only limited authority to collect and preserve the assets of the estate until a personal representative of the estate is appointed, the Baker Court concluded that the Chilton Probate Court's appointment of a special administrator ad colligendum "was insufficient to initiate the general administration of the estate." 183 So.3d at 143 (emphasis added). Accordingly, the Court held that,
"[b]ecause the probate proceeding was purportedly removed from the probate court to the circuit court before the initiation of the administration of [the decedent's] estate ..., the circuit court did not obtain proper jurisdiction of the matter. Thus, the circuit court's orders removing the matter from the probate court and subsequently denying Ruth's petition [for appointment as administrator of the estate] and appointing Huebner as administrator were void and must be vacated."
183 So.3d at 144.
Similarly, in this case, the only action the probate court has taken with respect to James's petition to probate Rheba's 2014 will is the appointment of Welch as administrator ad colligendum of Rheba's estate. Pursuant to Ex parte Baker, Welch's appointment was insufficient to initiate the general administration of Rheba's estate. Thus, because the probate court has not initiated the general administration of Rheba's estate, the circuit court could not assume jurisdiction over the administration. Ex parte Smith, supra ; Ex parte Berry, supra. Accordingly, the circuit court's November 5, 2015, order purporting to remove the administration of Rheba's estate from the probate court and its February 13, 2018, judgment, insofar as it admitted Rheba's will to probate and issued letters testamentary to James, are void for lack of jurisdiction and must therefore be vacated. Ex parte Baker, supra.
Conclusion
For the reasons discussed herein, the circuit court's November 5, 2015, order purporting to remove the administration of Rheba's estate from the probate court and its February 13, 2018, judgment are void. Because a void judgment will not support an appeal, McElroy, supra, we dismiss the appeal and direct the circuit court to vacate both the November 5, 2015, order and the February 13, 2018, judgment.
APPEAL DISMISSED.
Stuart, C.J., and Bolin, Parker, Shaw, Main, Wise, and Mendheim, JJ., concur.
Sellers, J., dissents.

Rheba's 2014 will also provides that James "has full discretion to distribute any asset from [Rheba's] estate to ... Joe Keith Ashley at any time he sees fit."

Rheba's 2014 will appoints Kimberly McWhorter executor, but on May 4, 2015, McWhorter renounced her appointment. See § 43-2-25, Ala. Code 1975.

The circuit court's February 13, 2018, judgment found that the appellants
"provided no evidence showing that at the time the 2014 Will was made the relationship between [James] and his mother had so changed from the natural mother and child relationship so that the mother was now rendered subservient to the child. However, even if the Court was to find that such evidence existed so that the burden shifted to [James] to rebuff the contention that there had been undue influence, there was no showing of actual fraud or coercion in regard to the 2014 Will. Nor was there any evidence presented that the 2014 Will did not reflect the testamentary intent of [Rheba]."
In its postjudgment order, the circuit court modified the February 13, 2018, judgment to reflect that "sufficient evidence was presented that the relationship between [James] and his mother had changed to the point the mother was subservient." (Emphasis added.) Aside from that modification, however, the circuit court refused to modify the judgment.